THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY
V. H. MCDOWELL.

No. 15,143.   (98 Pac. 201.)

SYLLABUS BY THE COURT.

DAMAGES—*Injury to Real Estate by Fire—Evidence—Value of the Land.* In an action against a railway company to recover damages caused by fire, where the property injured was attached to, and had become a part of, real estate, it is error for the court to refuse to permit the railway company to inquire into the value of the land before and after the fire.

Error from Miami district court; WINFIELD H. SHELDON, judge. Opinion filed November 7, 1908. Reversed.

*John Madden, W. W. Brown,* and *J. E. Maxwell,* for plaintiff in error.

*Frank M. Sheridan,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: H. McDowell sued the railway company for damages occasioned by fire. He recovered a judgment awarding $128.50 for damages and costs and $75 for attorney's fee. The railway company claims error. The only allegation in the petition which concerns the damages recovered is that the fire burned 100 loads of manure of the reasonable value of $2.50 per load, or $250. On the trial it developed that the manure had been hauled out and distributed upon the land for some time before the fire. The plaintiff was permitted, over the objections of the defendant, to prove by a number of witnesses the value of the manure per load distributed as this was upon the twelve acres burned over. The witnesses were allowed to testify as to the benefits which the land received by the manure. One witness stated that his estimate of the value of the manure was arrived at by taking into consideration the fact that

it would benefit the land by an increase of crops for a period of years.

Notwithstanding the plaintiff sought to prove the damages in this manner, and to recover for injuries to the realty, the company was denied the right to show that the market value of the land was no greater immediately before, than after, the fire, and that there was no depreciation. The court sustained an objection to testimony of this character on the ground that nothing was involved but the value of the manure, and plaintiff's objection was based solely upon the ground that he had made no inquiry about the land.

The railway company had contended from the outset that, inasmuch as plaintiff only alleged damages to the manure as so much personal property, he should not be permitted to prove its value as a thing attached to the soil. The court ruled otherwise, and the whole theory upon which the plaintiff sought to prove his damages was that the manure, having been distributed on the land, had a value in connection with it, and was a part of the land the same as trees growing thereon. In his brief the plaintiff relies upon *Railway Co. v. Lycan,* 57 Kan. 635, 47 Pac. 526, in support of the claim that the court properly permitted him to offer evidence directed to the value of the manure as a part of the land. Having elected to treat the damages as injuries to realty, the defendant should have been permitted in rebuttal to show that the fire had caused no depreciation in the value of the land. The ruling of the court was in conflict with what was held in *Railway Co. v. Geiser,* 68 Kan. 281, 289, 75 Pac. 68, and cases cited, to the effect that in actions of this kind either method of proof is competent.

The judgment is reversed, and the cause remanded for another trial.