THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY *et al.* v. F. F. JENKINS.

No. 14,502. (101 Pac. 630.)

THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v. H. McDOWELL.

No. 15,143.

THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v. HUTCHINGS, SEALY & CO., *a Partnership, etc.*

No. 15,431.

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Costs—Waiver.* In the absence of any statute or rule of court on the subject the right of a party to have expenses he has incurred taxed as costs will be deemed to have been waived if not asserted until after a judgment has been rendered and satisfied, when no excuse is shown for the delay.

Motion to retax costs. Opinion filed April 10, 1909. Motion denied.

*John Madden,* and *W. W. Brown,* for plaintiffs in error.

*Lee Monroe,* and *Frank M. Sheridan,* for defendant in error.

The opinion of the court was delivered by

Mason, J.: In each of these cases the plaintiff in error obtained a decision in its favor, upon which a judgment was at once entered in its behalf for the costs in this court. (*Railway Co. v. Jenkins,* 74 Kan. 487; *Railway Co. v. McDowell,* 78 Kan. 686; *Railway Co. v. Hutchings,* 78 Kan. 758.) In each case the defendant in error paid the costs as taxed, and the plaintiff in error now moves to retax the costs by adding charges, which it had not previously claimed, for the expenses of preparing the case-made and printing the abstract of the record. The motion is resisted upon the ground that the delay in making such claim has been so great as to amount to a waiver.

Provision is usually made by statute or court rule that such expenditures shall be taxed as costs only when a statement of their amount is filed within a designated time after the judgment. (11 Cyc. 158, 163, 165.) This period is often fixed at from two to ten days. (1 Supp. to Encyc. Pl. & Pr. 839, note 2 to page 245.) A rule of court putting the limit at four days has been held reasonable. (*Flisher v. Allen,* 141 Pa. St. 525, 21 Atl. 672.) In the absence of any statute on the subject costs "must be taxed within a reasonable time thereafter [after judgment], or the right to them will be lost." (5 Encyc. Pl. & Pr. 245.) It is said that "no definite time can be stated after which the motion to retax may not be made; but in the absence of good cause it will usually not be entertained when made several terms after the rendition of judgment, or after the payment of the costs as first taxed." (5 Encyc. Pl. & Pr. 248.)

Our statute (Civ. Code, § 562) authorizes a successful plaintiff in error to recover the costs of the transcript or case-made, without requiring a statement thereof to be filed at any particular time. The provision fixing the amount to be paid for the portion furnished by the

official stenographer (Gen. Stat. 1901, § 3040) requires his receipt to be attached, but makes no other provision relating to the time or manner of demanding reimbursement. The rule of this court giving the prevailing party a right to recover as costs the amount necessarily paid for printing his abstract fixes no period within which the right must be asserted. The opportunity to ask the addition of items to the costs as charged can not remain open indefinitely, and since the statute and rules are silent on the subject a party should be held to have waived his privilege in that respect unless he exercises it within a reasonable time after judgment, the limit in each instance depending upon what the court shall consider a reasonable time under all the circumstances.

In the first of the cases under consideration a judgment of reversal was rendered November 10, 1906. An execution for the costs in this court was issued October 19, 1907, and returned ten days later fully satisfied. February 5, 1909, the plaintiff in error filed a motion to retax the costs by including the expenses it had incurred in the preparation of the case-made, for which it had previously made no claim. It is very clear that consideration of the motion ought to be denied merely because it was presented so long after the judgment was entered.

In the other two cases the decisions were announced November 7, 1908, the costs were paid early in January, 1909, and the motions to retax were filed February 5. An unexplained delay to assert the claim until substantially three months after judgment might not of itself be sufficient to constitute a bar, but the defendant in error in each case, having in the meantime, in the ordinary and orderly course of procedure, paid in full everything charged against him and satisfied what he was justified in regarding as the complete judgment in the case, ought not to be harrassed with further demands in that connection. A petition for a

rehearing in one of the cases was filed November 27, and was denied December 18, but this does not affect the matter. Its pendency gave no occasion for a further delay on the part of the successful party to make a showing of his costs, and after it was ruled upon there was no reason why the defeated party should not pay the judgment then entered in the belief that by so doing he discharged his obligation in full.

A party who wishes to have an expenditure taxed as costs ought not to put off filing a statement of his claim until the cause is decided. There is no reason why he should not file it practically as soon as the amount is ascertained. In order that a definite limit shall be fixed within which the right must be asserted if it is not to be deemed abandoned (a limit which will enable the clerk to tax the costs in full, where no contest is made, when the time expires for filing a petition for a rehearing) this addition will be made to rule 21, relating to fees and costs:

"The amount paid for the transcript of the record or case-made, for the stenographer's transcript of the evidence, or for the printing of the abstract, shall be taxed as costs only when a statement thereof shall be filed with the clerk not later than ten days after a cause is decided. The opposite party may file an objection thereto not later than twenty days after such decision." (See 78 Kan. p. xiii.)

The motions to retax costs are denied.

BENSON, J., not sitting, having been of counsel in the court below in case No. 15,431.