KINDL v. DOSS, Ex'x.

No. 21724.    Feb. 20, 1934.

place for $6,500 cash, the oil and gas rights not to be included. Therein she said, "please let me know soon if this is a trade and how soon the cash will be available." Thereafter D. A. Phillips sent a telegram to the plaintiff in which he stated that he had a cash offer of $6,500 and that all mineral rights must go with the farm. The next day the plaintiff sent a telegram to D. A. Phillips stating that she would take $6,500 cash for the farm, one-sixteenth royalty to go with the land. Thereafter she sent him another telegram as follows: **"Accept your offer for farm close deal please advise."** The contract of sale provided for the payment of $500 cash and $6,000 at a future date, and that the plaintiff was to furnish the purchaser an abstract of title showing a merchantable title. The $500 cash was deposited in the bank. The plaintiff refused to accept any part thereof.

The judgment of the trial court is amply sustained by the evidence. The burden was on the defendant to show the authority of the agent to make the contract. Shuler v. Viger, 123 Okla. 110, 252 P. 18. The evidence shows no such authority. If there was any authority granted by the plaintiff to execute a contract on her behalf for the sale of the land, it was for a cash sale. The contract did not conform thereto.

There was no ratification of the contract. First Nat. Bank of Canadian v. Brewer, 73 Okla. 61, 174 P. 1077. The record does not show that the plaintiff unduly delayed repudiating the contract for sale.

The judgment of the trial court is in all things affirmed.

RILEY, C. J., and SWINDALL, OSBORN, and BAYLESS JJ., concur.

A. G. Morrison & Sons, for plaintiff in error.

J. L. Trevathan, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Canadian county in favor of the defendant in error, who was the plaintiff in that action, against the plaintiff in error, who was one of the defendants in that action.

The plaintiff alleged 'in her petition that she was the executrix under the last will and testament of Louise C. Reed, who died testate seized and possessed of a certain tract of real estate therein described; that she was entitled to immediate possession thereof; that the defendants claimed some right, title, or interest therein by virtue of a contract for purchase executed by John Artt and D. A. Phillips, and that the contract was unauthorized and void. She prayed for possession, the quieting of the title, and for rents from the property. The plaintiff in error, as defendant, filed an answer in which he contended that the contract in question was valid, and he filed a cross-petition in which he prayed for specific performance thereof. The reply contained a verified denial of any authority from the plaintiff to execute such a contract. The other defendant claimed as a tenant. The trial court held the contract to be unauthorized and void.

The evidence consisted almost entirely of letters and telegrams. It appears therefrom that D. A. Phillips wrote the plaintiff advising her that he had a party who he believed would buy the land if the price was not too high and in which he asked for "your low price on same." The plaintiff wrote D. A. Phillips that she would sell the