**OWENS et al. v. CLARK.**

No. 24700. Sept. 29, 1936.

Christy Russell and M. A. Breckinridge, for plaintiffs in error.

John Barry, for defendant in error.

CORN, J. This is an appeal by O. O. Owens and the World Publishing Company from an order of the district court of Atoka county overruling part of a motion to tax costs. This appeal is an aftermath of the so-called Clark libel case—Owens v. Clark, 154 Okla. 108, 6 P. (2d) 755. Judgment was rendered therein by the district judge upon the verdict of the jury for a sum certain as damages in favor of the plaintiff, Clark. No judgment was rendered for costs. On appeal to this court the judgment of the trial court was reversed, with directions to dismiss the case, and showing the sum of $25 had been paid as a filing fee to the Clerk of the Supreme Court, and no costs of case-made.

According to the record, over a month after the said mandate had been filed in the trial court, the following motion was filed:

"Come now the defendants, O. O. Owens and the World Publishing Company, and show to the court:

"1. That from the judgment heretofore rendered herein in favor of the plaintiff, J. W. Clark, and against these defendants, O. O. Owens and the World Publishing Company, which judgment is recorded in Book __, Page __, of the journals of this court, these defendants duly prosecuted an appeal to the Supreme Court of Oklahoma, and subsequently, to wit, on the 1st day of December, 1931, by the consideration, decision and judgment of the Supreme Court of Oklahoma, the aforesaid judgment was duly reversed and held for naught and said cause remanded to this court with instructions to dismiss the petition of plaintiff.

"2. That after the aforesaid decision and reversal with directions by the Supreme Court of Oklahoma, a mandate was duly issued embodying the aforesaid decision, reversal and directions, as in such cases provided, and such mandate was transmitted to the clerk of this court and is now of record and on file herein.

"3. That the costs of this action have never been formally taxed other than as various items of costs appear on the appearance docket; that among the items which properly are taxable and should be taxed as a part of the costs of this action are the following:

"(a) The fees or costs of the officers for the taking and transcribing of the several depositions taken herein and used in the trial of this cause, the cost of which depositions has heretofore been paid by the defendants; that the same amounts in the aggregate, for the depositions taken by the Commissioners G. A. Huff, and Elmer Huff, to $229.95; and for the depositions taken by Nannie Saxon Bell, to $135.00—making a total of $364.95, which fees were duly paid by the defendants, and which should be taxed as a part of the costs of this action;

"(b) The cost of the case-made for the appeal of said cause to the Supreme Court of Oklahoma, being the sum of $1,046.90, the cost thereof duly paid by the defendants to A. R. Telle, the official court reporter, for the preparation of same;

"(c) The sum of $25, as shown by the mandate hereinbefore referred to,—costs

accrued in the Supreme Court of Oklahoma, which said $25 so accrued in the Supreme Court was paid by these defendants.

"4. That the aforesaid mandate should be ordered spread of record and judgment rendered herein in accordance therewith.

"Wherefore, these defendants pray that the mandate heretofore filed herein be ordered spread of record; that the aforesaid judgment in favor of the plaintiff, J. W. Clark, and against these defendants, be vacated, set aside and held for naught; that the petition herein be dismissed and judgment entered for the defendants and against the plaintiff for the costs of this action, including the hereinbefore-mentioned costs amounting in the aggregate to $1,461.85, and for such other and further order as to the court may seem proper and as the law may require."

J. W. Clark filed his answer to said motion which was a general denial.

The only evidence introduced by the plaintiffs in error was the journal entry, opinion of the Supreme Court, the motion, and affidavit of O. O. Owens.

The trial court overruled the motion as to all the items except the $25 filing fee.

A part of the judgment is as follows:

"Whereupon, the defendants offer their testimony in support of their aforesaid motion to retax costs, etc., and rest; said matter is duly argued by counsel and upon consideration thereof, the court finds that as to the sum of $25, cost deposit made by the defendants in the Supreme Court of Oklahoma in the appeal herein, said motion should be sustained, and that otherwise said motion should be overruled. * * *"

A part of the affidavit of O. O. Owens which was introduced in evidence, without objections of the plaintiff, is as follows:

"* * * He duly paid unto G. A. Huff and Elmer Huff, as fees for the taking and transcribing of depositions filed and used in this cause, the statutory charge therefor, same being the sum of $229.95, and unto Nannie Saxton Bell, as fees for the taking and transcribing of depositions filed and used in this cause, the statutory charge therefor, same being the sum of $135. * * *"

The assignments of error are argued under two propositions:

First. "Upon receipt of a mandate from the Supreme Court, it is the duty of the trial court to spread the same of record and to proceed in accordance with the directions therein contained and in substantial compliance therewith."

Second. "Judgment having been rendered in the trial court in favor of plaintiff and on appeal to this court, such judgment reversed and remanded, with directions to dismiss the action, the trial court has jurisdiction to, and on motion of any interested parties, must retax costs. On such motion, therefore, the court should tax as costs, among other items:

"(a) The cost of the case-made for the appeal of said cause to the Supreme Court;

"(b) The statutory fees of the officers (in the present case commissioners appointed by the court), for the taking, transcribing, and filing of the several depositions taken and used in the trial of the cause, the fees of such officers for the taking, etc., of such depositions having theretofore been paid by the defendants."

A part of the motion goes to costs incurred for taking depositions before the trial of the cause.

Section 519, O. S. 1931, is as follows:

"Where it is not otherwise provided by this and other statutes, costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific real or personal property."

Section 520, O. S. 1931, is as follows:

"Costs shall be allowed of course to any defendant, upon a judgment in his favor in the actions mentioned in the last section."

Section 524, O. S. 1931, is as follows:

"The several clerks of the district court shall tax the costs in each case, and insert the same in their respective judgments, subject to retaxation by the court, on motion of any persons interested."

Article 11 of chapter 2, O. S. 1931, does not expressly provide that costs incurred in the taking of depositions shall be entered as costs in the case in which they are used; but sections 519 and 520, supra, which constitute a part of said chapter 2, do so provide.

Where costs are allowed to prevailing party, allowance of them does not rest in discretion of court, but they follow judgment as a matter of law. The question of costs rests in discretion of court only in such cases as are so provided in Code. Stoddard v. Treadwell, 29 Cal. 281.

Section 311, O. S. 1931, provides for the fees that shall be allowed for taking depositions.

Section 304, 15 C. J. 135, is as follows:

"In a proper case in many jurisdictions the expense of taking depositions is a proper item of costs to be allowed to the prevail-

ing party; but the deposition must, of course, be authorized by statute, and costs of taking depositions not necessary to the protection of the party's interest will be disallowed. So also costs are not taxable for taking, transcribing, and printing depositions of an expert witness which consist of argumentative departures from the province of expert testimony and which deal in vituperative personalities. And where a party failed to appear at the time and place designated in a notice for taking a deposition and to cross-examine the witness, and thereafter served notice of the taking of the deposition of the same witness, and in pursuance thereof took the deposition of such witness, which consisted of a cross-examination of the witness on the deposition previously given, the costs and expense of taking such subsequent deposition should not be allowed as a part of the costs of the case."

In an action for the recovery of money only, a mandate issued by this court, directing the trial court to dismiss the case, is a judgment in favor of the defendants, and such a judgment as section 520, O. S. 1931, expressly provides that "costs shall be allowed of course to any defendant, upon a judgment in his favor." It is manifest from the above section of the statute that the trial court erred in overruling that part of the motion as to costs incurred taking depositions, in the amount of $364.95.

The practice of awarding and taxing costs, the time within which cost bills must be filed, and the items allowable in both the trial court and appellate court are all matters of statutory regulation and rules of court, and such right depends absolutely either on statute or rule of court, as costs were not allowed at common law.

7 R. C. L., page 800, section 29, is as follows:

"The right to costs on appeal is regulated by statutes or by rules of court."

7 R. C. L., page 803, section 31, is as follows:

"The practice of awarding and taxing costs, the time within which cost bills must be filed, and the items allowable, are all matters of statutory regulation amplified by rules of court."

Section 804, C. O. S. 1921 (552, O. S. 1931), is the only statute giving parties to an appeal the right to their appeal costs.

We quote the statute:

"When a judgment or final order is reversed, the plaintiff in error shall recover his costs, including the costs of the transcript of the proceedings, or case-made, filed with the petition in error; and when reversed in part and affirmed in part, costs shall be equally divided between the parties."

While this statute grants the right, it does not provide how it is to be enforced. Rule No. 22 of this court provides how the right can be enforced and the provisions therein contained are mandatory and not directory, and unless complied with the right and privilege of taxing appeal costs in the trial court is lost.

Rule No. 22, supra, pertaining to the taxation of costs of record, is as follows:

"The clerk shall not tax any expense of case-made, transcript or record, unless the person claiming the same, prior to the issuance of mandate in the cause, shall file with the clerk a verified statement of such expense showing that he has paid the same."

This rule and section 804, C. O. S. 1921, supra, with reference to the question herein involved has never been passed on by this court, but we find that the state of Kansas, in the case of McAfee v. Walker, 82 Kan. 355, 108 P. 79, from which state we adopted section 804, has passed directly on the question under a rule of that court which is similar and has the same force and effect as this court's Rule No. 22. We quote the entire body of that opinion:

"The clerk has taxed as costs $65.50, the amount paid the stenographer of the trial court for the transcript, and $23.40, the expense of printing the abstract. The appellee moves to strike out these items on the ground that no statement of either was filed with the clerk within 10 days after the case was decided, as required by Rule 21 (104 P. ix) which reads: 'The amount paid for the transcript of the record or case-made, for the stenographer's transcript of the evidence, or for the printing of the abstract, shall be taxed as costs only when a statement thereof shall be filed with the clerk not later than ten days after a cause is decided. The opposite party may file an objection thereto not later than twenty days after such decision.' The stenographer's receipt for the $65.50 was attached to the transcript, and this was a sufficient statement so far as that item is concerned. No statement of the amount paid for the appellant's abstract was filed until March 23d, the decision having been made March 12th. The prescribed limit was exceeded by only one day, but the bar had fallen and extent of further delay is immaterial. The very purpose of the rule was to draw at some point a hard and fast line, 'in order that a definite limit shall be

522

fixed within which the right must be asserted if it is not to be deemed abandoned.' Railway Co. v. Jenkins, 79 Kan. 698, 701, 101 P. 630. The appellant's abstract was deposited in the clerk's office January 8th, and the statement could have been filed then or at any time thereafter until and including March 22d. By the terms of the rule a later filing was ineffective. The charge of $23.40 will be stricken from the cost bill."

To the same effect is the case of Zeuske v. Zeuske (Ore.) 103 P. 648, 105 P. 249. We quote the fourth paragraph of the syllabus:

"Supreme Court Rule 24 (91 P. xi) provides that on the disposition of a petition for rehearing, or if, within 20 days after final judgment or decree, no petition shall have been filed, the clerk, as a matter of course, unless otherwise directed by the court, shall issue and forward a mandate to the clerk of the court below. Rule 28 declares that no costs shall be taxed unless the cost bill shall be filed before the mandate is issued. Held, that since, on the issuance of a mandate, the Supreme Court loses jurisdiction of the case, where no cost bill is filed within the 20-day period or before the issuance of a mandate, the successful party could not have the mandate recalled to file cost bills."

In the case at bar, section 804, supra, gave the right, but the rule of the court provided how the right was to be enforced.

We, therefore, hold that compliance with Rule No. 22 of the Supreme Court is mandatory.

The judgment is reversed in part, with directions to the trial court to set aside the order overruling that part of the motion as to costs incurred taking depositions in the amount of $364.95, and remanded, with directions to the trial court to render judgment for the defendants for said amount, otherwise the judgment is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and WELCH and GIBSON, JJ., concur. BAYLESS, J., absent. RILEY, BUSBY, and PHELPS, JJ., not participating.