**CORYELL v. MARRS et al.**

No. 27231.  June 29, 1937.

N. E. McNeill, for plaintiff in error.

Newton & Pinson, Chas. G. Watts, and Charles A. Holden, for defendants in error.

BUSBY, J. This action was instituted by the defendants in error in the district court of Wagoner county, seeking to cancel a "notice to the public", filed of record by the plaintiff in error, in which he claimed a one-third interest in and to the oil and gas lease in controversy, by virtue of a mining partnership alleged to have been entered into between the plaintiff in error and defendants in error, Rose K. Marrs and Frank Marrs, relative to said lease. The petition further prayed that this title be quieted in them against the defendant. The plaintiff in error, through his answer and cross-petition, sought to establish a one-third interest in the oil and gas lease in controversy, held in the name of Rose K. Marrs, and to impose a constructive trust upon the property. This upon the theory that same was acquired as a result of a joint adventure between defendant Coryell, Marrs, and Mrs. Marrs. An ac-

counting also was asked. From a judgment in favor of the plaintiffs, the defendant has appealed to this court.

The parties will be referred to as they appeared in the trial court.

The defendant presents eight assignments of error, which may be considered together. The substance of these is that the finding of the trial court is against the clear weight of the evidence wherein the court found that (a) the defendant and Rose K. Marrs and Frank Marrs were not joint adventurers in acquiring the oil and gas lease in controversy, and (b) that Rose K. Marrs did not hold the said oil and gas lease in trust for herself and Frank Marrs and the defendant.

The lease in question was held in the name of Rose K. Marrs. The burden was upon the defendant to establish an interest therein not disclosed by the instrument itself. The alleged relation of joint adventure is a matter that depends entirely upon the intention of the parties. In the absence of any written agreement setting forth such intention and understanding, as in the instant case, we must look to the evidence to ascertain the real intention of the parties. The evidence was conflicting and disputed as to partnership or joint adventure. There is some persuasive evidence, however, to the effect that such relation might have existed. The testimony of the defendant is direct and forceful upon that point. The various exhibits consisting of letters and telegrams from plaintiff Rose K. Marrs to Mr. and Mrs. Wm. J. Cotty of Boston, Mass., with whom she was conferring relative to procuring funds to invest in the oil business, convince us that defendant, Coryell, was considered in some anticipated oil and gas lease adventure. But the testimony shows that leases in various counties were being considered by these parties.

The testimony of plaintiff Rose K. Marrs is very emphatic in direct denial of the evidence of defendant, Coryell, on several important features of his testimony. The testimony of Frank Marrs also disputed certain parts of the testimony of the defendant.

Before this court can hold that the lease in question was bought by the plaintiff Rose K. Marrs in violation of joint adventure agreement existing at the time between herself, Frank Marrs, and defendant, and declare that an interest in said property is held in trust for the defendant,

the fact of the existence of a joint adventure at the time, and not one to take place at some future time under certain conditions, must be fully established, as well as the fact that a lease on this particular land composed a part and parcel of the joint adventure agreement. The existence of a constructive or a resulting trust must be proved by clear, unequivocal evidence. Boles v. Akers, 116 Okla. 266, 244 P. 182. Until all of these conditions are fully met with proper proof, this court would not be warranted in ordering any accounting as asked herein.

The holdings of the courts are somewhat varied and indefinite as to what constitutes joint adventures, which renders it more difficult to ascertain when such a relation has been proven. In McKeel v. Mercer, 118 Okla. 66, 246 P. 619, the court held:

"A joint adventure is a special combination of two or more persons, where in some specific venture a profit is jointly sought without any actual partnership or corporate designation."

The same holding is found in Smith, Adm'r, v. Burt, 150 Okla. 34, 300 P. 748.

The question of whether the relation assumed by the parties constituted a joint adventure on the terms claimed by the defendant or failed to constitute such relation, as is contended by the plaintiffs, was a question of fact, which, in the absence of a jury, was determined by the court who heard all of the testimony and who was the judge of the credibility of the witnesses.

We do not think that the judgment of the trial court is against the clear weight of the evidence; therefore, the judgment is sustained.

OSBORN, C. J., and WELCH, CORN, and HURST, JJ., concur. BAYLESS, V. C. J., and RILEY, PHELPS, and GIBSON, JJ., absent.