## TULSA ·COUNTY TRUCK & FRUIT GROWERS ASS'N v. McMURPHEY et al.

No. 28633.   May 16, 1939.

N. E. McNeill and Norman Barker, for plaintiff in error.

Gomer Smith and Nelson Rosen, for defendants in error.

DAVISON, J. This cause is presented on appeal from the district court of Tulsa county.

On September 7, 1935, an automobile truck being driven by Lee Slankard collided with an automobile truck being driven by Elmer McMurphey at a highway intersection in Woods county, Okla., west of the city of Alva. One occupant of the latter truck was killed and four others were injured.

On the 18th day of January, 1937, five separate actions were filed in the trial court based upon the injuries received by each of the respective occupants of the McMurphey truck. The defendants in each of the actions were Lee Slankard and the Tulsa County Truck & Fruit Growers Association, hereinafter referred to as the "Association." Recovery against Lee Slankard was sought by reason of his alleged negligence which was said to have been the proximate cause

of the collision and the resulting injuries. The plaintiffs in their respective petitions sought to hold the association responsible for the negligence of Slankard by invocation of the doctrine of respondeat superior. They asserted that he was an agent and employee of the association and at the time of the collision was acting in the course of his employment or agency.

The five cases were by agreement of the parties consolidated for the purpose of trial. The consolidated case was tried on June 2, 1937. Separate verdicts were returned by the jury in favor of the respective plaintiffs and against both of the defendants, and judgment was rendered accordingly. Elmer McMurphey recovered judgment for personal injuries in the sum of $19,121.75; Mrs. McMurphey was awarded $10,000; Minnie McMurphey Dunlop was adjudged to receive $750; Joyce McMurphey, $4,000; and Mr. and Mrs. McMurphey secured judgment for $2,700 for the death of a minor child, 11 months of age. The aggregate amount of all judgments was $36,571.75.

The association has appealed, appearing herein as plaintiff in error. By stipulation of the parties approved by this court, the consolidation of the cases is continued in this court for the purpose of appeal. The defendant Lee Slankard has not perfected an appeal and the judgments of the trial court are final as to him. The parties, when not otherwise identified, will be referred to in this opinion by their trial court designation.

The sufficiency of the evidence to establish negligence on the part of Slankard is not questioned. There is no dispute concerning the amount of the various judgments. Our treatment of this case, therefore, proceeds from the established basis that Slankard was responsible and that the amount allowed in connection with each of the causes constituted a proper compensation for the injury complained of.

In seeking a reversal of the judgment of the trial court, the association asserts that the evidence was insufficient to establish that Slankard, at the time of the collision, was either an agent or employee of the association and acting in the course of such agency or employment, or that he sustained any other relationship with the association that rendered it liable for his misfeasance.

The plaintiffs do not aver the existence of direct evidence supporting their case against the association, but urge that there is sufficient circumstantial evidence in the record to establish that "Slankard was either the agent of the association or that he and the association were engaged in a joint adventure." The principal argument of the defendant is an attempted demonstration that the evidence is insufficient to establish the relationship of principal and agent. We shall therefore first consider the evidence in the light of the law governing that relationship.

Agency, as defined by the American Law Institute, "is the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control and consent by the other so to act." Restatement of the Law, Agency, paragraph 1, page 7. See, also, 2 Am. Jur. 13. The burden of proving the existence of the relationship of agency as well as the nature and extent thereof rests upon the party who relies thereon. Whitney, Ex'r, v. Low et al., 137 Okla. 1, 178 P. 1096; Kindl v. Doss, Ex'r. 167 Okla. 383, 29 P.2d 946. Agency is thus a question of fact to be established like any other fact necessary to be p r o v e d . Wrought Iron Range Co. v. Leach, 32 Okla. 706, 123 P. 419; Gast et al. v. Barnes, 44 Okla. 107, 143 P. 856. Like other facts it may be established by either circumstantial or direct evidence. Dandois v. Raines et al., 115 Okla. 88, 241 P. 1099. Circumstantial evidence when offered in proof of a fact in a civil case need not, as in the prosecution of a criminal cause, exclude every other reasonable hypothesis. Marland Refining Co. v. Snider, 120 Okla. 116, 251 P. 989; M., K. & T. v. Simerly, 72 Okla. 251, 180 P. 551. However, in order to support a verdict for the plaintiff, circumstantial evidence must be sufficient to render the fact or conclusion sought to be established more probable than one or more other conclusions which would be inconsistent with liability. Wigmore on Evidence (2d Ed.) vol. 1, page 253. Otherwise the decision would be said to rest on speculation and conjecture. As we said in paragraph 2 of the syllabus in Phillips Petroleum Co. et al. v. Davis et al., 182 Okla. 397, 77 P.2d 1147:

"A verdict returned against a defendant upon circumstantial evidence must be said to be based on speculation and conjecture when, after considering all the evidence, together with inferences to be reasonably drawn therefrom, all unprejudiced minds must agree that any one of several conclusions consistent with nonliability .of defendant may as reasonably be drawn therefrom as conclusions of liability under plaintiff's theory of the case."

The question, being one of fact, is gen-

erally to be decided by the jury, but when the facts are undisputed and conflicting inferences sufficient to create an issue upon the ultimate fact cannot be drawn therefrom, the question of whether an agency existed is one of law for the court. Continental Supply Co. v. Sinclair Oil & Gas Co., 109 Okla. 178, 235 P. 471; Southern Surety Co. v. Gilkey-Duff Hardware Co., 166 Okla. 84, 26 P.2d 144. And where circumstantial evidence is relied on, and does not meet the test of sufficiency as stated in Phillips Petroleum Co. v. Davis, supra, a verdict and judgment based thereon cannot stand.

With the foregoing rules before us as guides, we now address ourselves to the evidence as reflected by the record before us.

The Tulsa Truck & Fruit Growers Association is a nonprofit co-operative association organized under chapter 181, Session Laws 1923 (sections 9870-9893, O. S. 1931). It has approximately 200 members, who in order to qualify for membership are necessarily "engaged in the production of agricultural or horticultural products" (section 9871, supra).

The association conducts a market place in the city of Tulsa. It has space or stalls within the market place where individuals may exhibit produce owned by them, for sale. These stalls are available for rent to nonmembers as well as members. The association, itself, does not engage in the purchase or sale of produce.

. The defendant Lee Slankard was not a member of the association, but he did from time to time rent a stall from the association in which he exhibited and sold produce belonging to himself. He paid rental for the stall, the same as other nonmembers.

Slankard, according to his undisputed testimony, owned his own truck. He sent to various places and purchased produce, returning with the same to Tulsa, where he sold it in the stall rented from the defendant association. His activities in the purchase and sale of produce were neither directed nor controlled by the association; nor did the association receive any part of the profits. He paid for the stall used by him; $1 for the first day, and 50c per day thereafter.

On the occasion of the collision involved in this action he was returning from Alma, Colo., with a load of cabbage which he had purchased in contemplation of sale at Tulsa. He had taken the trip on his own initiative and without previous direction by the association or any of its officers.

There were some 25 or 30 truck owners operating in a manner similar to the method employed by Slankard, and using the facilities of the association for marketing their produce.

In support of their position that at the time of the injuries complained of the defendant Slankard was the agent or employee of the association and acting in the course of his employment, the plaintiffs point to proof in the record showing that Slankard's and other trucks similarly operated were operating under a class "C" (special) permit issued by the Corporation Commission to the association, and that the payment of mileage tax was guaranteed by a deposit and bond posted by the association. The existing arrangement under which the trucks were operating appears to have been inaugurated in May, 1935.

The law of this state contemplates the payment of mileage tax by certain classes of motor vehicles. See section 3707, O. S. 1931, as amended by section 3, chapter 156, Session Laws 1933. The defendant Slankard was admittedly liable for the payment of such tax for operation of the truck owned by him, as were the other truck owners operating upon a similar plan.

In explanation of the method employed to guarantee the payment of the tax and to give color of authority for the operation of the truck, the undisputed evidence shows that the plan was adopted as one of convenience with full knowledge on the part of the tax collecting authority as to the true status of the ownership of the trucks and the method of operating them. In fact, in addition to definitely establishing that the plan was adopted as one of convenience, the testimony indicates that it was inaugurated at the suggestion of an employee of the Corporation Commission. Under the plan as adopted, each of the individual truck owners paid his mileage tax to the association, which in turn paid the accumulated tax to the tax collecting authority.

Whether the plan was in accord with the strict letter of the law, is a question with which we are not here concerned.

An additional circumstance relied upon by the plaintiffs is that public liability and property damage insurance was procured on the various trucks in the name of the association "and/or" the owner of each truck covered by insurance. The name of the assured was described in the policy on the truck involved here as "Tulsa County Truck and Fruit Growers' Association Inc., **and/or**

Lee Slankard," and the assured was elsewhere referred to in the policies as the owner of the truck assured.

The fact of ownership of a vehicle, considered in conjunction with other facts, may be used to establish that a vehicle was being operated by an agent or employee in the course of his agency or employment, but it is of minor probative force and insufficient in itself to establish the existence of an agency or employment. Stumpf et ux. v. Montgomery, 101 Okla. 257, 226 P. 65. Moreover, the description of the assured on the insurance policy is, by reason of the use of the grammatical generality "and/or," so vague and uncertain that it is of very slight probative force on the question of ownership or operation of the truck when, as in this case, the issue is as to which of the two parties therein named in the conjunctive and disjunctive as "assured" is responsible for the operation thereof.

The difficulty of attributing a precise meaning to the term "and/or" and the multiplicity of situations that are comprehended thereby is exemplified by the Wisconsin court in Employers' Mut. Liability Ins. Co. of Wisconsin et al. v. Tollefsen et al. (Wis.) 263 N. W. 376, where in discussing the effect of the use of such a phrase in conjunction with the description of two named assureds in an insurance policy, it was said:

"It is manifest that we are confronted with the task of first construing 'and/or,' that befuddling, nameless thing, that Janus-faced verbal monstrosity, neither word nor phrase, the child of a brain of some one too lazy or too dull to express his precise meaning, or too dull to know what he did mean, now commonly used by lawyers in drafting legal documents, through carelessness or ignorance or as a cunning device to conceal rather than express meaning with view to furthering the interest of their clients. We have even observed the 'thing' in statutes, in the opinions of courts, and in statements of briefs of counsel, some learned and some not. * * *

"We are of (the) opinion that the policy should be construed as indemnifying Brower against damage through injuries to persons done by the truck while in operation in the conduct of his business, except as to injuries to his employees; as indemnifying the Sturgeon Bay Company against damages through injuries to persons done by the truck while in operation in the conduct of its business, except as to injuries to its employees; and as indemnifying both Brower and the Sturgeon Bay Company from damage through injuries to persons done by the truck when and if in operation in business being conducted by them jointly,

except as to employees employed by them jointly. If Brower had been operating the truck as the agent of the Sturgeon Bay Company, instead of as an independent contractor, so that both were responsible for its operation, then it might be that each of them would be held to be named assured, and the injury to Pichette, an employee of the Sturgeon Bay Company, would be excluded from coverage; but that case is not before us and is not decided. This gives to 'and/or' all its implications."

See, also, annotations 118 A. L. R. 1367. In view of the multiplicity of situations that may be comprehended by an insurance policy so worded, it cannot be said that proof of the existence of such a policy renders more probable the existence of the relationship of principal and agent or employer and employee than some other relationship or absence of relationship that might also be comprehended by the policy.

Thus, in view of the rule for considering the probative force of circumstances introduced in proof of a fact as pronounced by this court in Phillips Petroleum Company v. Davis, supra, the existence of the insurance policy is insufficient to warrant the conclusion of a relationship between the association and Slankard which would render the former liable for the acts of the latter.

The evidentiary value of the circumstance under discussion is further diminished by the undisputed explanation that the method of procuring the insurance was one adopted for the convenience of the truck drivers. They individually paid the premiums.

Thus, in this case the evidentiary facts relied upon to establish the existence of the relationship of principal and agent between the association and Slankard do not render more probable the existence of such relationship than the existence of some other relationship inconsistent with the association's liability. The association's position that the verdict, as to it, is based upon surmise and conjecture is well founded. This is especially true in view of the undisputed evidence in the record that such a relationship did not exist.

Because of the insufficiency of the evidence to establish the existence of agency, a more detailed discussion of the particular elements of agency or of when an agent may be said to be acting in the course of his agency need not be incorporated in this opinion. Similarly, since the record shows no employment, a detailed discussion of the relationship of master and servant may be omitted.

The briefs also allude to the possibility of the defendants herein being joint adventurers. While this relationship was not pleaded, allusion thereto was made in the instructions of the trial court. There is no evidence sustaining the view that such a relationship existed. There was no agreement (express or implied) for a division of profits between said defendants, which according to our decisions is essential. White v. A. C. Houston Lbr. Co. et al., 179 Okla. 89, 64 P.2d 908; Coryell v. Marrs et al., 180 Okla. 394, 70 P.2d 478.

After a careful review and consideration of the evidence in this case, we conclude that the verdict and judgment against the association is based upon speculation and conjecture.

The cause is reversed, with directions to grant a new trial.

WELCH, V. C. J., and CORN, GIBSON, and HURST, JJ., concur. BAYLESS, C. J., and RILEY, OSBORN, and DANNER, JJ., absent.