DUNAWAY v. JAYNE et al.

No. 29674. July 2, 1940.

*104 P. 2d 561.*

Goode & Goode, of Shawnee, and R. F. Barry, of Oklahoma City, for plaintiff in error.

Frantz C. Conrad and John Staley, both of Oklahoma City, for defendants in error.

PER CURIAM. This was an action to have a contract decreed to be an equitable mortgage. The parties appear here in the same order as they did before the trial court and will be referred to as they appeared below. Trial was had to the court. Judgment was in favor of defendants, the plaintiff appeals.

As grounds for the reversal of said judgment, the plaintiff submits the following propositions:

"The findings and judgment of the court are against the clear weight of the evidence.

"One partner cannot maintain an action at law against another partner.

"The court committed reversible error in rejecting competent evidence offered by the plaintiff.

"This court will render the judgment the trial court should have rendered— a judgment for the plaintiff."

It will be unnecessary to discuss these contentions separately. The contract in question was one for the sale of certain oil and gas mining leases by Count Dunaway and L. L. Jayne to one J. F. Smith for a cash consideration of $1,500 and $26,000 out of oil to be paid out of the one-eighth of the seven-eighths working interest if, as, and when said oil was produced from the premises so sold. The plaintiff undertook to prove that the interest of L. L. Jayne as grantor in said contract was merely that of an equitable mortgagee to secure an indebtedness owing to her from the plaintiff. Evidence was in conflict in many material respects, but it tended to establish that the plaintiff and defendant were joint adventurers as defined in Coryell v. Marrs, 180 Okla. 394, 70 P. 2d 478, and McKeel v. Mercer, 118 Okla. 66, 246 P. 619. The contract upon its face showed that the plaintiff and defendant were co-owners of the leases and interests therein described. The plaintiff had the burden of establishing by clear, unequivocal, and convincing evidence that

the instrument was intended to operate as an equitable mortgage before he was entitled to recover. Embry v. Villines, 175 Okla. 552, 53 P. 2d 277; Morrison v. Krouch, 141 Okla. 288, 285 P. 10. The plaintiff failed to sustain the burden which was placed upon him. The evidence, as above stated, was conflicting in many material respects, and the finding and judgment of the trial court finds ample support in the evidence. The action being one cognizable in equity, this court will not disturb the findings and judgment except where, after an examination of the entire record, they are shown to be clearly against the weight of the evidence. Villines v. Conatser, 151 Okla. 144, 2 P. 2d 1024. The findings and judgment of the trial court are not against the clear weight of the evidence, therefore said judgment is affirmed.

BAYLESS, C.J., WELCH, V.C.J., and OSBORN, HURST, and DANNER, JJ., concur.