478 P.2d 79

M. Taylor LAWRENCE, Jr., and Bettie A. Lawrence, his wife, and Arthur J. Stegall, Jr., and Rosann Stegall, his wife, Appellants,

v.

VALLEY NATIONAL BANK, a national banking association, Appellee.

ARIZONA–COLORADO LAND & CATTLE COMPANY, a corporation, Cross-Appellant,

v.

M. Taylor LAWRENCE, Jr., and Bettie A. Lawrence, his wife, and Arthur L. Stegall, Jr., and Rosann Stegall, his wife, Cross-Appellees.

No. 10207–PR.

Supreme Court of Arizona, In Banc.

Dec. 17, 1970.

Jennings, Strouss & Salmon, by O. M. Trask, Thomas C. Kleinschmidt, Rex H. Moore and T. J. Trimble, Phoenix, for appellants and cross-appellees.

Rawlins, Ellis, Burrus & Kiewit, by Chester J. Peterson and Dennis M. Balint, Phoenix, for appellee.

Snell & Wilmer, by Mark Wilmer, Phoenix, for cross-appellant.

LOCKWOOD, Chief Justice.

This case is before us on a petition to review certain orders of the Court of Appeals pertaining to their opinion reported at 12 Ariz.App. 51, 467 P.2d 763. We vacate two post-opinion orders of the Court of Appeals, and order that it recall its mandate for further proceedings to determine the amount of attorneys' fees due to the Valley National Bank.

The Valley National Bank started this suit to recover the balance due on a promissory note, and the attorneys' fees provided therein. Judgment was rendered in favor of the bank and against the defendants. On appeal, the Court of Appeals affirmed the judgment. Review is not asked of that decision. The affirmed judgment in favor of the bank included attorneys' fees for the lower court action.

The sole controversy involved in this review is the result of the failure of the Court of Appeals to award the bank, as the successful appellee, additional attorneys' fees incurred in defending the appeal. Such fees should have been granted. Steele v. Vanderslice, 90 Ariz. 277, 367 P. 2d 636. As the defendants state in their brief, "This appears to be the law in this State and respondents are not proposing to challenge the basic principle at this time."

In its brief, in the Court of Appeals, the Bank in Point VII wrote:

"Appellee respectfully requests that this court grant it reasonable attorneys' fees incurred by it in furtherance of this appeal."

■ The Court of Appeals, in its opinion ·affirming the judgments, failed to mention the attorneys' fees on appeal. At this point it is clear and defendants concede that this failure was subject to correction by a motion for rehearing. By such a motion the Court would have its attention called to the fact that the relief granted omitted an item which was requested and which should have been granted. Had a motion for rehearing been filed at that time, it would have been proper for the Court to grant a rehearing or amend its opinion to include a provision for attorneys' fees.

The bank actually did file a motion for rehearing but instead of so designating it, entitled it "Petition For Order Granting Plaintiff-Appellee An Award For Attorneys' Fees Incurred In Defense Of Appeal." The Court of Appeals' opinion was filed on April 8, 1970 and the bank's request for fees was filed on April 22, 1970, within the fifteen days allowed for filing a motion for rehearing.

■ We have held that we look to substance rather than to form, in considering a petition for relief. Rodriquez v. Williams, 104 Ariz. 280, 283, 451 P.2d 609; Goodman v. State, 96 Ariz. 139, 393 P.2d 148; Buell v. Superior Court of Maricopa County, 96 Ariz. 62, 391 P.2d 919. We therefore hold that when the Court failed to award such fees and the bank asked for attorneys' fees for defending the appeal, the bank's "petition" was, in effect, a motion for rehearing, timely filed. Therefore, the Court of Appeals erred when ·it entered an order on August 5, 1970 to the effect that:

"The appellee's request for allowance of attorneys' fees on appeal is denied as untimely made, in that the time for rehearing has expired."

■ The bank, being uncertain of what procedure to follow, filed a Petition To Recall Mandate And For Order Authorizing The Filing Of A Petition For Rehearing Or, In The Alternative, For Review. Defendants, in their response to the bank's petition, argue that the bank did not have fifteen days to file its request for fees, as permitted for a motion for rehearing, but had only ten days—the time provided in which to file a statement of costs. They point out that A.R.S. § 12–331, subsec. 5 states that costs shall include disbursements that have been incurred pursuant to an "agreement of the parties." We hold that this language does not include attorneys' fees. Cf. Coury Bros. Ranches, Inc. v. Ellsworth, 103 Ariz. 515, 523, 446 P.2d 458; Genis v. Krasne, 47 Cal.2d 241, 302 P.2d 289.

■ The Court of Appeals, instead of meeting the issue head-on, entered another order on September 17, 1970 denying the petition to recall the mandate because it appeared to the Court that " * * * the Superior Court is the appropriate place to determine the amount to be allowed as attorneys' fees for this appeal."

We see no reason to hold that the superior court is better able to determine the amount of attorneys' fees than the Court of Appeals wherein the services were, for the most part, rendered. It knows what papers were filed, the quality of the briefs and other documents prepared, etc. Attorneys' fees on appeal are frequently fixed by them and by us in criminal cases, without referring them back to the trial courts.

For the above reasons, the following orders of the Court of Appeals are hereby vacated: (1) Order dated August 5, 1970, denying attorneys' fees; and (2) Order dated September 17, 1970, refusing to recall its mandate.

It is further ordered that the Court of Appeals recall the mandate, proceed to determine the amount of attorneys' fees to which the Valley National Bank is entitled, and enter judgment therefor.

STRUCKMEYER, V. C. J., and UDALL, McFARLAND, and HAYS, JJ., concur.