T. Gavin KING, Appellant,

v.

C. Gary SHERRILL, and Board of County
Commissioners of Rogers County,
Oklahoma, Appellees.

No. 45121.

Supreme Court of Oklahoma.

April 25, 1972.

G. Waide Sibley, Claremore, for appellant.

G. Raymond Bassman, Bassman, Gordon, Mayberry, & Scarth, Claremore, for appellees.

HODGES, Justice.

Petition in error was filed August 12, 1971, seeking review of a trial court judgment in a zoning matter. The final order in the trial court was denial of motion for new trial, entered on July 14, 1971. Time for preparation of the record expired January 14, 1972.

Appellant by application filed January 12, 1972 sought an extension of time for completion of the record, asserting loss by the court reporter of her stenographic notes. Appellees promptly interposed objection to allowance of the extension. From the application and ensuing motions filed by counsel for either side, it is clear that all parties learned of the difficulty sometime in October, 1971. Appellant, with that knowledge, sought no relief in the trial court and sought no relief in this

court until two days before expiration of the allowed six month interval, i. e., by application filed January 12, 1972. The relief sought at that time was merely extension of time for preparation of a record on appeal which under the circumstances then existent, and which had been existent since sometime in October, 1971, could never be prepared unless the lost stenographic notes were found.

By order entered February 7, 1972, this court directed Appellant to show cause why the appeal should not be dismissed for lack of diligence in prosecution based upon failure to timely seek relief in the trial court under Civil Appeals Rules 1.22 or 1.-23, which rules contemplate narrative statement in lieu of a transcript of proceedings. Appellant at that time applied to the trial court for a new trial under 12 O. S.1971 § 651(9), based upon inability to prepare a record on appeal. By a certified copy of the trial court order disposing of that application, submitted to this court by Appellee in furtherance of his pending motion to dismiss, the trial court refused to grant a new trial.

It is the duty of the appealing party to cause to be prepared and filed, in appeal to this court, a sufficient record of trial court proceeding to show cause for reversal. Educators Automobile Insurance Co. v. Jones, Okl., 428 P.2d 277. Where, as in this case, it is impossible to prepare a record for appellate review, the appealing party must, upon learning of this dilemma, avail himself promptly of his statutory remedy. Failure to pursue this remedy with diligence and dispatch subjects his appeal to dismissal. Upon the facts submitted, we find the Appellant has not exercised due diligence in seeking to remedy the deficiency of a record on appeal, and the appeal is accordingly dismissed.

All Justices concur.