Commonwealth of Pennsylvania acting by Attorney General Israel Packel, Plaintiff, *v.* J. M. Sigafoose, Defendant.
Commonwealth of Pennsylvania acting by Attorney General Israel Packel, Plaintiff, *v.* Brian D. Ehrhart, Defendant.
Commonwealth of Pennsylvania acting by Attorney General Israel Packel, Plaintiff, *v.* John N. Pikulin, Individually, and d/b/a Pikulin Chiropractic Center, Defendant.

Submitted on briefs November 28, 1973, to Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Joel Weisberg,* Deputy Attorney General, with him *George M. Kashi,* Assistant Attorney General, and *Israel Packel,* Attorney General, for plaintiff.

*John Killian,* with him *Robert W. Barton* and *Killian & Gephart,* for defendants.

OPINION BY JUDGE MENCER, January 28, 1974:

On March 21, 1973, the Commonwealth of Pennsylvania filed separate complaints against three individual chiropractors, alleging violations of the provisions of the Unfair Trade Practices and Consumer Protection

Law.[1] The complaints asserted that the defendants had published advertisements in newspapers of general circulation in the Commonwealth of Pennsylvania that disparaged the services of medical doctors and other nonchiropractic healing professionals and which were false or misleading and constituted deceptive acts or practices.

After hearing, this Court entered a preliminary injunction which enjoined the defendants from engaging further in certain of the practices of which the Commonwealth complained. The defendants appealed to the Supreme Court from the issuance of our injunction.

The defendants timely prepared and filed their brief with the Supreme Court. On or about the date that the Commonwealth's brief was required to be filed, the defendants, in accord with Supreme Court Rule 20, discontinued their appeal.

The Commonwealth has filed a Bill of Costs with this Court, seeking to have us assess as costs to be paid by the defendants the amount paid for printing the Commonwealth's brief which it would have filed with the Supreme Court if the defendants' appeal had not been discontinued.

Supreme Court Rule 20 reads as follows:

"A. An appellant may discontinue an appeal as to all appellees *as of course at any time prior to argument* or thereafter upon approval of this Court. *A discontinuance shall be subject to payment of all of the Prothonotary's costs and the Supreme Court may, in its discretion, order payment of all or part of appellee's costs.* A discontinuance may not be entered by appellant as to less than all appellees except from agreement of all parties in interest or with the approval of this Court upon motion and after notice to all parties in interest.

---

[1] Act of December 17, 1968, P. L. 1244, 73 P.S. §201-1 et seq.

"B. Discontinuance of an appeal shall not affect any right of cross appeal." (Emphasis added.)

It seems apparent to us that, under Rule 20, only the Supreme Court may order payment of the Commonwealth's costs incident to defendants' appeal to the Supreme Court from our entry of a preliminary injunction.

The Commonwealth's only contention here[2] is that, since the litigation was commenced in our Court, we should include the cost of printing its brief on appeal to the Supreme Court under Rule 1523 of the Rules of Civil Procedure. This rule relating to equity actions reads: "Costs shall include fees of the examiner, master, auditor, accountant or expert appointed by the court and such other costs as may be prescribed by statute or allowed by the court." Here we have made no appointments of experts, and the Unfair Trade Practices and Consumer Protection Law does not prescribe the payment of costs. See *Richmond v. Pennsylvania Higher Education Assistance Agency*, 6 Pa. Commonwealth Ct. 612, 297 A. 2d 544 (1972). Such costs as may be "allowed by the court" under Pa. R. C. P. No. 1523 are not costs incurred on appeal to the Supreme Court.

The Commonwealth contends that the defendants' failure to await its brief "in order to better evaluate their [defendants'] case" was frivolous and vexatious conduct on the part of the defendants and indicates that the appeal was taken merely "to annoy and harass" the Commonwealth. We simply cannot agree. An exam-

---

2 The Commonwealth does not contend that Section 1 of the Act of June 3, 1971, P. L. 118, 12 P.S. §1193, is applicable. That section envisions the rendition of a final decision relative to the appeal whereas here there was a predecision discontinuance under Supreme Court Rule 20. See *Taged, Incorporated v. Zoning Board of Adjustment and Shields, et ux.*, 6 Pa. Commonwealth Ct. 331, 295 A. 2d 339 (1972).

ination of the record will disclose that the Commonwealth did not obtain all the relief it sought and the defendants certainly had a plausible basis for disputing this Court's evaluation of the evidence and seeking further judicial review on the merits. The Commonwealth's assumption would seem to be that if defendants had discontinued their appeal *after* receiving the Commonwealth's brief, then such action would have been reasonable and understandable, but to discontinue before receiving the brief was frivolous and vexatious. Such a point of view, if seriously entertained, would be indeed specious.

We hold that Supreme Court Rule 20 is dispositive of the matter and that the Commonwealth's only recourse is to importune the Supreme Court to order payment of its printing costs.

### ORDER

Now, this 28th day of January, 1974, the Commonwealth of Pennsylvania's Bill of Costs is denied.