547 P.2d 22

Thomas E. **FULKERSON** and Jo E. Fulkerson, husband and wife, Appellants,

v.

Jon S. **HOW** and Rita W. How, husband and wife, Appellees.

No. 2 CA–CIV 2014.

Court of Appeals of Arizona, Division 2.

March 17, 1976.
Rehearing Denied April 15, 1976.

Nolen L. McLean, Tucson, for appellants.

Johnson, Hayes & Dowdall, Ltd. by J. Mercer Johnson, Tucson, for appellees.

## OPINION

HOWARD, Chief Judge.

This appeal involves the conduct of the parties and several orders of the trial court which followed the issuance of our opinion and mandate in *How v. Fulkerson*, 22 Ariz.App. 467, 528 P.2d 853 (1975). Appellants contend that continuing efforts were made to close the sale of realty which was the subject of the deposit receipt and agreement we held to have been specifically enforceable in *How v. Fulkerson*, supra. These efforts consisted of an attempt by appellants to obtain appellees' signatures on a form "contract for the sale of realty". Appellees refused to sign this form on the ground that if the deposit receipt and agreement was specifically enforceable as we held, then no other contract was required.

The trial court entered a judgment on June 19, 1975, finding the deposit receipt and agreement to be a binding and enforceable bilateral contract. The court further found that appellees had complied with all the terms of the contract but that appellants had failed and refused to comply. The court concluded that appellees were entitled to specific performance, plus costs and attorneys' fees. The disputed language of the judgment follows:

"IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. That the defendants, within ten days from the date of entry of this Decree, execute all documents necessary to close the escrow at Pioneer National Title Insurance Company, set up pursuant to the agreement of August 28, 1971, conveying to the plaintiffs, JON S. HOW and RITA W. HOW, husband and wife, as joint tenants with right of survivorship, in accordance with the terms of the Agreement of August 28, 1971, and the terms of the said escrow, that certain trailer park known as Desert Sands, and legally described as:

Lots 265 and 266, Los Ranchitos Estates, a subdivision of Tucson, Pima County, Arizona.

2. That the defendants, THOMAS E. FULKERSON and JO E. FULKERSON, give possession of the premises so conveyed not later than two days after the closing of said sale."

\*   \*   \*   \*   \*   \*

Appellants contend that the conveyance language of the judgment deprives them of their security by effectively transferring title to appellees prior to payment of the purchase price. They cite A.R.S. Sec. 33–456 as authority for their conclusion that the judgment passed title. The statute says, "When a judgment directs the conveyance of real property . . . the judgment shall pass title to such property

without any act by the party against whom the judgment is given."

■ The judgment here orders conveyance "in accordance with the terms of the agreement. . . ." This is not a judgment ordering immediate conveyance and therefore A.R.S. Sec. 33–456 is not applicable. The deed in escrow does not transfer title until the escrow instructions indicate that the deed is to be recorded. The recordation of the deed was undoubtedly intended to occur upon payment of the purchase price.

■ Appellants also contend that a minute entry entered on June 19, 1975, was erroneous. We agree. The minute entry recites the language of A.R.S. Sec. 33–456 by ordering automatic conveyance of title upon the filing of the judgment for specific performance. Such a conveyance is contrary to the terms of the agreement which is being specifically enforced.

■ Appellants attack the July 18, 1975 supplemental judgment on the ground that it granted relief outside the confines of our mandate. The July 18 judgment awarded appellees $4,000 for attorneys' fees incurred in handling the appeal in *How v. Fulkerson,* supra. Appellants contend the trial court was without jurisdiction to make this award for the reason that attorneys' fees were not requested in this court and were not, therefore, ordered by us. We agree. In *Lawrence v. Valley National Bank,* 106 Ariz. 455, 478 P.2d 79 (1970) the Arizona Supreme Court held that the proper place to demand attorney's fees on appeal is the appellate court. Attorney's fees are not costs. *Lawrence v. Valley National Bank,* supra. Our mandate did not therefore, authorize the trial court to award the attorneys' fees.

The judgment entered June 19, 1975, is affirmed. The June 19, 1975 minute entry and the July 18, 1975 supplemental judgment are vacated and set aside.

KRUCKER and HATHAWAY, JJ., concur.