Roxanna F. CHAMBERLIN,
Plaintiff-Appellee,

v.

Richard D. CHAMBERLIN,
Defendant-Appellant.

No. 64172.

Supreme Court of Oklahoma.

June 10, 1986.

Alvin L. Floyd, Sapulpa, for defendant-appellant.

John R. Richards, Richards, Paul & Wood, Tulsa, for plaintiff-appellee.

OPALA, Justice.

Two issues are tendered for our decision in this appeal by the husband from a post-mandate order in his divorce suit: [1] Did the trial court have authority to entertain the wife's post-decree and post-remand request for a division of some newly-discovered or after-identified assets of spousal property? and [2] Did the trial court err in denying the husband's claim for counsel fees and costs for the previous appeal in which he was successful in securing some corrective relief? We answer the first

question in the affirmative and the second in the negative.

## FACTS

This is the husband's second appeal in his divorce suit [*Chamberlin II*]. From the first [*Chamberlin I*][1] he emerged successful in securing a more favorable decision. *After mandate* in *Chamberlin I* he pressed below a motion against the wife for his appellate counsel fees and costs. His request met with adverse disposition. In the course of the same proceeding the trial court favorably considered the wife's plea for a division of certain newly-discovered or after-identified spousal assets (the cash value of certain insurance policies) which may have been omitted from consideration in the pre-decree proceedings. The husband appeals from both rulings incorporated in the single adverse order.

## I

## THE APPELLATE RECORD

For inclusion in the appellate record the husband designated but two items: (a) a transcript of the last stage in the proceedings which culminated in the challenged rulings and (b) the trial court's appearance docket sheet in the divorce case.[2]

In an effort to supplement the record the wife attached to her answer brief certain instruments that may have been on file below.[3] This court may not consider as part of an appellate record any instrument or material which has not been incorporated into the assembled record by a certificate of the clerk of the trial court,[4]

---

1. *Chamberlin v. Chamberlin*, No. 55,836, unpublished opinion of the Court of Appeals, June 14, 1983.

2. The appearance docket forms *no part* of the record. Its designation is hence improper and serves *no purpose*. *The trial court's rulings sought to be reviewed must be shown in the record by a written memorial of the journal entry signed by the judge.* Courtroom minutes posted on the appearance docket do not constitute an acceptable and fit substitute for the judge's memorialized entry. *Wetsel v. Independent School Dist. I–1,* Okl., 670 P.2d 986, 993

[1983]; *McCullough v. Safeway Stores, Inc.*, Okl., 626 P.2d 1332, 1335 [1981] and *Miller v. Miller*, Okl., 664 P.2d 1032, 1034 [1983].

3. These instruments consist of (1) the divorce decree, (2) the designation of record, the petition-in-error and mandate in *Chamberlin I* and (3) a copy of an updated appearance docket in the divorce case.

4. *Frey v. Independence Fire and Cas. Co.*, Okl., 698 P.2d 17, 20 [1985] and *Eckel v. Adair*, Okl., 698 P.2d 921, 925 [1985].

nor may a deficient record be supplemented by material physically attached to a party's appellate brief.[5] Counter-designation affords the only sanctioned procedure for inclusion into the appellate record of material which, though omitted from designation by the appellant, is sought to be incorporated by the appellee.[6] *A deficient record may not be supplemented on re-hearing.*[7]

## II

### THE INSURANCE POLICIES

Without citing any authority, the husband urges here that the trial court lacked judicial power in a post-mandate proceeding to divide marital assets omitted from consideration in the decree because, after the Court of Appeals' opinion in *Chamberlin I,* joint spousal accumulations were no longer a fit subject for relitigation below.

We may take judicial cognizance of the appellate pronouncement in *Chamberlin I* as an acceptable source for ascertaining what stood adjudged by that decision.[8] There is nothing in that decisional action which settles the ownership status of the assets now in contest.[9] The *Chamberlin I*

opinion does not allude to the insurance policies here before us as disputed items of either spousal or personal property. The settled-law-of-the-case doctrine cannot hence be invoked here to bar a party's claim to an asserted interest in omitted marital property from being pressed in a timely and statutorily-authorized post-judgment proceeding instituted after the termination of *Chamberlin I.*

It is the duty of the appealing party to procure a record that is sufficient to obtain the corrective relief sought.[10] That record, which should incorporate all pertinent and necessary pleadings or other papers, *must always include* a written memorial of the judicial action that triggered the appealable event.[11] For the record to be reviewed here the husband should have hence procured, at a minimum, a copy of the wife's motion, application or petition by which she tendered—for the post-remand division—the insurance policies appearing to fall under the rubric of newly-discovered or after-identified spousal assets and a transcript of *all* the evidentiary proceedings in which this issue came under the trial court's consideration. None of this was done. The husband had earlier been directed by this court to provide a certified

---

5. *Eckel v. Adair, supra* note 4 at 925 and *In Re Hess' Estate,* Okl., 379 P.2d 851, 859 [1963]. A deficiency in the record on review may not be supplied or cured by an appellate court's decision. *Owens v. Luckett,* 192 Okl. 685, 139 P.2d 806, 807 [1943].

6. Rule 1.20(b), Rules on Perfecting a Civil Appeal, 12 O.S.1981, Ch. 15, App. 2.
   A narrow exception is recognized for uncontroverted extra-judicial facts which stand admitted in the briefs. These may be regarded as supplementing the appellate record. *Timmons v. Royal Globe Ins. Co.,* Okl., 713 P.2d 589, 592 [1986]; *Norris v. Norris,* Okl., 695 P.2d 506, 507 [1984]; *Greenwood v. Lyles & Buckner, Inc.,* Okl., 329 P.2d 1063, 1067 [1958] and *Ramer v. State of Oklahoma ex rel. Ward,* Okl., 302 P.2d 139, 140 [1956].

7. *Eckel v. Adair, supra* note 4 at 925.

8. *Timmons v. Royal Globe Ins. Co., supra* note 6. While the record in a prior appeal of the same action does not constitute a part of the record in

a subsequent appeal, this court can take judicial cognizance of its former opinions to inform itself of the binding effect that is due its past pronouncements. *Sneed v. Yarbrough,* 164 Okl. 253, 23 P.2d 703, 705 [1933] and *Oklahoma City Electric, Gas & Power Co. v. Baumhoff,* 21 Okl. 503, 96 P. 758, 760 [1908]. This rule is but a narrow exception to the general norm by which, on consideration of the appeal, an appellate court is strictly limited in its review to the record before it. See, *Eckel v. Adair, supra* note 4 at 923–924.

9. The pronouncement in *Chamberlin I* modifies the marital property division, reduces an alimony allowance and vacates a property award made to one of the parties' children.

10. *King v. Sherrill,* Okl., 496 P.2d 803, 804 [1972].

11. *Huff v. Huff,* Okl., 687 P.2d 130, 131 [1984] and *Willitt v. ASG Industries, Inc.,* Okl., 572 P.2d 1296 [1978].

copy of the order sought to be reviewed.[12] Rather than procuring the requested instrument, he merely supplied a *transcript of some evidentiary proceedings* held below. While the transcript provided for our review includes the trial court's oral pronouncement of the rulings from which relief is sought in this appeal, it does not show us *how* the wife's claim to a post-remand division of newly-discovered or after-identified property came to be tendered.

■■■ From the record before us we are unable to ascertain what procedural device came to trigger the proceeding that ultimately led to the challenged post-mandate division of the cash value in certain insurance policies. There is some indication that this issue may have been initially reached in a hearing held earlier than the one of which we have a transcript. We do not know whether the wife's original request for a judicial inquiry into this subject-matter had been made by (1) some unspecified post-decree motion, (2) a petition for division of newly-discovered or after-identified marital property,[13] or (3) a motion to set aside, modify or reopen the decree upon one of the grounds prescribed by statute

for rendition of postjudgment relief.[14] Because the record is silent on this point and the order does not appear facially void,[15] we are compelled to conclude that the division of newly-discovered or after-identified spousal assets was an issue raised by some *timely-filed and authorized procedural device,* and that the trial court's disposition of the subject-matter tendered for its inquiry is not clearly contrary to the weight of the evidence upon which it rests or to any governing norm of law.[16]

### III

### COSTS ON APPEAL

The husband asserts error in the trial court's refusal to allow him some unspecified costs for the first appeal. He relies on Rule 1.31(a)(1)[17] and 12 O.S.1981 § 978,[18] which, for the reasons to be explained, are not applicable to post-appeal claims pressed in the trial court for appeal-related costs.

The Court of Appeals' opinion in *Chamberlin I* did not address itself to appellate costs and there was no post-decisional order in that case specifically dealing with

**12.** 12 O.S.1981 § 32.1; Rule 1.16, Rules on Perfecting a Civil Appeal, 12 O.S.Supp.1983, Ch. 15, App. 2 and *Willitt v. ASG Industries, Inc., supra* note 11.

**13.** As a ground for postjudgment relief under the terms of 12 O.S.1981 § 655, newly-discovered evidence is so very independent of and collateral to an appellate review of the judgment that it can be invoked in the trial court *even while* the appeal from a judgment is still pending. *Matter of Estate of Burkhart v. Wabaunsee,* Okl., 594 P.2d 361, 362–363 [1979] and *Pleasant v. Allen Bros.,* 180 Okl. 518, 71 P.2d 114 [1937].

**14.** After 30 days following its rendition a divorce decree may be modified or vacated *only* upon one of the grounds laid down in 12 O.S. 1981 § 1031. A facially void decree may be vacated at any time. 12 O.S.1981 § 1038.

**15.** An order is "facially void" *only* when from the face of the judgment roll (the four corners of the common-law record proper) it may be ascertained that *at least one* of the three indispensable elements of jurisdiction—i.e. (a) jurisdiction of the parties, (b) jurisdiction over the subject matter or (c) jurisdictional power to pronounce the particular judgment rendered—

was absent. *Mayhue v. Mayhue,* Okl., 706 P.2d 890, 893 and 895 [1985]; *Scoufos v. Fuller,* Okl., 280 P.2d 720, 723 [1955] and *State ex rel. Commissioners of Land Office v. Keller,* Okl., 264 P.2d 742, 747–748 [1953].

**16.** Error may not be presumed from a silent record; it must be affirmatively demonstrated. *Hamid v. Sew Original,* Okl., 645 P.2d 496, 497 [1982].

**17.** Rule 1.31(a)(1), Rules on Perfecting a Civil Appeal, 12 O.S.Supp.1983, Ch. 15, App. 2, provides:
"(a) For the purposes to be stated the trial court does retain jurisdiction in the case after a petition-in-error has been filed in this court:
(1) To facilitate the completion of the record and allocate the costs of its preparation. *Tisdale v. Wheeler Bros. Grain Co., Inc.,* Okl., 599 P.2d 1104 [1979]. * * *"

**18.** 12 O.S. 1981 § 978 provides in pertinent part:
"When a judgment or final order is reversed, the plaintiff in error shall recover his costs, including the costs of the transcript of the proceedings, ... and when reversed in part and affirmed in part, costs shall be equally divided between the parties."

this subject. This court's mandate there shows that the trial court's decree was "affirmed in part and reversed in part" and that the appellant had made a cost deposit of $50.00.[19]

If the husband did intend, on remand, to seek an award for the costs recoverable in *Chamberlin I*—such as the expenses of the transcript as well as the cost deposit—his request below came too late. When an opinion of the Court of Appeals is silent as to costs and there is no post-decisional order dealing with this item, costs are allowed "of course" by the appellate court clerk.[20] Under Rule 32,[21] a person who claims the expense of transcript—in addition to the cost deposit paid—must *file before mandate is issued a verified statement* with the appellate court clerk.[22] When a judgment is affirmed in part and reversed in part and no claim for transcript expenses is made under Rule 32, as was the case in *Chamberlin I*, the taxable costs consist *only* of the cost deposit which is then subject to an equal division by force of § 978[23] unless, of course, a pre-mandate motion to retax is filed in the appellate court.[24] Since the husband did not secure an order retaxing costs in *Chamberlin I*, it was the duty of the district court clerk, upon receipt of mandate from the Supreme Court, to allow *de cursu* (of course) against the wife,[25] in conformity to § 978[26] construed together with §§ 928 and 929,[27] one-half of the appellate cost deposit of $50.00.

19. Under the terms of the statute in force when the prior appeal was commenced, 20 O.S. 1981 § 15, the appellate cost deposit was set at $50.00.

20. Rule 3.20, Rules on Practice and Procedure in the Court of Appeals and on Certiorari to that Court, 12 O.S. 1981, Ch. 15, App. 3, provides in pertinent part:
"The Supreme Court shall tax costs ... if these matters were not disposed of by the opinion or separate order of the Court of Appeals. Costs shall be taxed in accordance with Rule 32....
Unless otherwise directed by the Supreme Court in a case decided by the Court of Appeals, requests for post-decisional relief filed (after petition for rehearing has been denied) shall be considered by the Supreme Court."

21. Rule 32, Rules of the Supreme Court of Oklahoma, 12 O.S.1981, Ch. 15, App. 1, provides:
"The Clerk shall not tax as costs any expense of transcript or record, unless the person claiming the same, prior to the issuance of a mandate in the cause, shall file with the Clerk a verified statement of such expense showing that he has paid the same."

22. Rule 32, *supra* note 21; *Riffe Petroleum Co. v. Great National Corp., Inc.*, Okl., 614 P.2d 576 [1980] and *Owens v. Clark*, 177 Okl. 519, 61 P.2d 201, 203 [1936].

23. 12 O.S.1981 § 978; see *supra* note 18 for the pertinent text of this statute.

24. *Shanks v. Pinkston*, 24 Okl. 848, 112 P. 757 [1909].

25. Our regime of allowing costs to be taxed "*of course*," as provided in §§ 928 and 929 (see the text of these sections *infra* note 27), is more clearly described in § 933 (see *infra* note 30). The latter section plainly imposes on the court clerk the function of taxing ordinary costs in the case, subject only to the court's power to re-examine the entries when it is called upon to do so by a motion to retax. The practice of allowing costs "*of course*," followed in our statutes, §§ 928 and 929, is described in parlance that comes to us from a literal translation of the Latin words *de cursu*, originally used in the medieval English law. Simply rendered, *de cursu*, or "of course," means in the context of taxing costs that *after judgment or appellate decision*, ordinary cost items *are taxed summarily* by the ministerial act of a clerk, without any antecedent judicial action or a party's request. See § 933, *infra* note 30; *Owens v. Clark, supra* note 22 at 203; Kiralfy, Potter's Historical Introduction to English Law, pp. 21 and 294, Fourth Edition [1958]; Radin, Handbook of Anglo-American Legal History, p. 180 [1936]; Mellinkoff, The Language of the Law, p. 12 [1963] and Black's Law Dictionary, p. 371 [5th Ed.1979].

26. 12 O.S. 1981 § 978; see *supra* note 18 for the pertinent text of this statute.

27. The terms of 12 O.S.1981 § 928 provide:
"Where it is not otherwise provided by this and other statutes, costs shall be allowed *of course* to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific, real or personal property." [Emphasis added.]
The terms of 12 O.S. 1981 § 929 provide:
"Costs shall be allowed *of course* to any defendant, upon a judgment in his favor in the actions mentioned in the last section [§ 928]." [Emphasis added.]

Costs are taxed in the court in which they are incurred.[28] While the original assessment of costs on appeal *must be made by the appellate court,* post-remand *enforcement* function of the taxed cost liability is by force of statute invested by the appellate court's mandate in the district court whence the case came.[29] The mandate in *Chamberlin I* reflects that the only taxed item was a $50.00 deposit. Because that appeal resulted in partial reversal, by force of § 978 only one-half of the total ($25.00) was taxable below in favor of the husband. If the clerk of the trial court failed to understand or to follow the mandate and neglected to tax the $25.00 item against the wife, the husband's sole remedy below was *by motion to retax* [30] pursuant to the terms of the appellate mandate and in conformity to the provisions of 12 O.S.1981 § 978.

## IV

## THE ATTORNEY'S FEES ISSUE

The husband asserts that the trial court erred in refusing to assume judicial cognizance of his post-remand request for appeal-related counsel fees incurred by him in the first appeal.[31]

■ *During the pendency* of appeal in a matrimonial case the trial court clearly may act on an application to allow counsel fees for services rendered, or to be rendered, on appeal.[32] The sweep of the trial court's cognizance over this issue is coextensive with that of the Supreme Court and its orders are reviewable, on motion filed in the appeal, as an ancillary issue in the case.[33] Although the trial court may assist a party in this manner during the transition from trial to an appellate stage of litigation by its order directing counsel fees to be advanced pending appeal, *it cannot deter-*

**28.** *Moses v. Hoebel,* Okl., 646 P.2d 601, 604 [1982]; *Bell v. National Collection System,* Okl., 269 P.2d 992 [1954]; *Kerr v. United Collection Service,* Okl., 267 P.2d 611, 612 [1954] and *Rand v. Nash,* 174 Okl. 525, 51 P.2d 296, 297 [1935]; *see also Commonwealth v. Sigafoose,* 11 Pa. Cmwlth. 565, 315 A.2d 642, 643 [1974]; *In re Estate of Burke,* 48 N.J. 50, 222 A.2d 273, 277 [1966]; *State v. Ronald,* 25 Wash.2d 276, 170 P.2d 865, 867 [1946] and *Thornton v. Illinois Founders Ins. Co.,* 84 Ill.2d 365, 49 Ill.Dec. 724, 728, 418 N.E.2d 744, 748 [1981].

**29.** The terms of 12 O.S.1981 § 975 provide in pertinent part:
" * * * The court reversing such judgment or final order *shall not issue execution in causes that are removed before them on error, on which they pronounce judgment as aforesaid, but shall send a special mandate to the court below as the case may require, to award execution thereupon,* and such court, to which such special mandate is sent, *shall proceed in such cases in the same manner as if such judgment or final order had been rendered therein. * * *"* [Emphasis added.]

**30.** The terms of 12 O.S.1981 § 933 provide:
"The several clerks of the district court shall tax the costs in each case, and insert the same in their respective judgments, *subject to retaxation by the court, on motion of any person interested."* [Emphasis supplied.]

**31.** The husband incorrectly rests his claim to an attorney's fee on his status as the prevailing party in the appeal. In matrimonial litigation courts may make counsel fee awards on the basis of the circumstances and the equities present in the case. The relevant terms of 12 O.S.1981 § 1276, the pertinent statute, provide:
"After a petition has been filed ... the court ... may also make such order relative to the expenses of the suit as will insure an efficient preparation of the case; and, *on granting a divorce ... the court may require the husband or wife to pay such reasonable expenses of the other in prosecution or defense of the action* as may be just and proper considering the respective parties and the means and property of each; ...." [Emphasis added.]
A § 1276 counsel fee award does not depend upon the claimant's status as a prevailing party. Where sufficient funds and property are available to pay counsel fees, each party should bear its own litigation expense. *Gardner v. Gardner,* Okl.App., 629 P.2d 1283, 1286 [1981].

**32.** 12 O.S.1981 § 1276; see *supra* note 31 for the pertinent text of this statute. The terms of Rule 1.31(a)(5), Rules on Perfecting a Civil Appeal, 12 O.S.Supp.1983, Ch. 15, App. 2, provide in pertinent part:
"(a) For the purposes to be stated the trial court does retain jurisdiction in the case after a petition-in-error has been filed in this court:
    *    *    *    *    *    *
(5) In matrimonial litigation, to award attorney fees for services rendered or to be rendered in connection with the appeal...."
*Jones v. Jones,* Okl., 612 P.2d 266 [1980]. * * "

**33.** *Jones v. Jones, supra* note 32 at 268.

mine in a post-appeal proceeding a party's liability for appeal-related counsel fees incident to a terminated appeal [34] unless such award has been authorized by an appellate court's pronouncement or by some of its post-decisional orders.[35]

When a claim for attorney's fees on appeal is made in the Court of Appeals, either in the brief or during the rehearing stage, and that court fails to address the issue, a party may later seek the same relief *only* by filing in the Supreme Court a *clearly-labeled instrument* which ought to be titled *"Motion to Award Counsel Fees For Appeal-Related Services."*[36] This motion, which can be made *after* the completion of the rehearing period in the Court of Appeals, must be filed *before* mandate is issued by this court.[37] In short, counsel fees on appeal, like taxable appellate costs, must be authorized by an appellate court in the case in which the services were performed.[38]

The record before us fails to disclose whether during the pendency of *Chamber-* *lin I* the husband had ever sought a Rule 1.31(a)(5)[39] counsel fee award in the district court. All we know is that his post-mandate claim, made below after the termination of *Chamberlin I*, was not founded on the authority of an earlier appellate ruling. His plea hence came too late and was pressed before the wrong tribunal. There was clearly no error in its denial.[40]

The trial court's post-mandate order is affirmed.

All the Justices concur.

---

**34.** In *Sisney v. Smalley,* Okl., 690 P.2d 1048, 1051 [1984], the court pronounced the general rule that "[w]henever there is statutory authority to award attorney fees in the trial ... [court], additional fees may be allowed ... for legal services rendered in the appellate court."

**35.** *Kostachek v. Kostachek,* 40 Okl. 744, 124 P. 761 [1912]; *Sisney v. Smalley, supra* note 34 at 1050; *Professional Construction Consultants, Inc. v. State,* Okl., 646 P.2d 1262, 1268 [1982] and *Associates Financial Services v. Millsap,* Okl., 570 P.2d 323, 326 [1977]; see also *Sarner v. Sarner,* 38 N.J. 463, 185 A.2d 851, 855 [1962]; *Howell v. Howell,* 183 So.2d 261, 264 [Fla.App. 1966]; *Cari v. Erickson,* 394 So.2d 1022, 1023 [Fla.App.1981] and *Fulkerson v. How,* 26 Ariz. App. 170, 547 P.2d 22, 24 [1976].
On remand from an appellate court the trial tribunal has no power to reopen issues precluded by the terms of an appellate opinion but must obey the mandate's direction. *In a post-appeal proceeding the trial court may inquire only into issues collateral to the former appeal. A plea for an appeal-related counsel fee award does not present an issue collateral to the terminated appeal. Fooshee v. Craig,* 110 Okl. 189, 237 P. 78, 82 [1925]; *Randol v. Harbour Longmire Co.,* 127 Okl. 7, 259 P. 548, 549 [1927]; *Wagner v. Earp,* 180 Okl. 56, 67 P.2d 782, 785 [1937]; *M.E. Trapp Associated v. Tankersley,* 206 Okl. 118, 240 P.2d 1091, 1094 [1952] and *Hurst v. Brown,* Okl., 266 P.2d 438, 440 [1954].

**36.** *The same post-decisional motion practice regime should be followed when the appeal was decided by the Supreme Court.*

**37.** After a petition for rehearing is denied by the Court of Appeals, that court loses jurisdiction of the case, but the Supreme Court may grant post-decisional relief. See Rule 3.20, Rules on Practice and Procedure in the Court of Appeals and on Certiorari to that Court, *supra* note 20; Rule 32, Rules of the Supreme Court of Oklahoma, *supra* note 21 and *Riffe Petroleum Co. v. Great National Corp., supra* note 22 at 581.

**38.** *Kostachek v. Kostachek, supra* note 35; *Sisney v. Smalley, supra* note 34; *Professional Construction Consultants, Inc. v. State, supra* note 35 and *Associates Financial Services v. Millsap, supra* note 35.

**39.** Rule 1.31(a)(5), Rules on Perfecting a Civil Appeal; see *supra* note 32 for the pertinent text of this rule.

**40.** Although the wife attached a copy of the husband's motion to tax counsel fees to her answer brief on appeal, we may not take cognizance of its content because it was neither designated by the husband nor counter-designated by the wife as part of the appellate record. *Eckel v. Adair, supra* note 4.