**PROFESSIONAL PROPERTY INVESTMENT CORP., an Oklahoma corporation, Appellant,**

v.

**The MARINA LIMITED, an Oklahoma Limited Partnership; and Floyd R. Hardesty, general partner, Appellees.**

**No. 70800.**

Court of Appeals of Oklahoma, Division No. 1.

June 26, 1990.

Steven Smith, Tulsa, for appellant.

John E. Dowdell, Wesley G. Casey, Tulsa, for appellees.

## OPINION

GARRETT, Presiding Judge:

Professional Property Investment Corp. (Appellant) filed an action to recover a sales commission from The Marina Limited and Floyd R. Hardesty (Appellees). The judgment for Appellant in the amount of $90,000 was only one-half of the sales commission. Attorneys fees and costs in the amount of $38,542.46 were allowed. On appeal, Appellant was awarded the full sales commission of $180,000. The matter was remanded for proceedings not inconsistent with the Court's opinion. Subsequently, the Supreme Court issued a mandate and it showed the case as "Affirmed and Modified".

Appellant then filed a motion in the trial court requesting judgment for costs and attorney fees incurred on appeal. This motion was denied on two grounds: (1) the case of *Chamberlin v. Chamberlin*, 720 P.2d 721 (Okl.1986) prevented the trial court from awarding attorney fees; and, (2) the Supreme Court mandate did not *remand* the matter and did not give the trial court jurisdiction to entertain the motion.

Appellant inquired as to the wording of the mandate with the Clerk of the Supreme Court after the denial of its motion for costs and attorney fees. Pursuant to that inquiry, an alias mandate was issued showing the matter to be "Affirmed and Modified and Remanded." Appellant then filed a second motion for attorney fees with the trial court. The second motion was denied based on *Chamberlin*, supra. The current appeal ensued.

Appellant contends it is entitled to appellate attorney fees under 12 O.S.1981 § 936. While § 936 provides for allowance of a reasonable attorney fee to the prevailing party in an action involving a contract, it does not empower a trial court to award appeal related attorney fees and costs. Appellant relies on Rule 1.11(c), Rules of Appellate Procedure in Civil Cases, Title 12, Ch. 15, App. 2. Rule 1.11(c) relates to an appeal which is filed prior to allowance of attorney fees by the trial court. It does not authorize a trial court to allow appeal related attorney fees and costs.

In *Chamberlin v. Chamberlin*, 720 P.2d 721, 727 (Okl.1986) the court said:

*It (trial court) cannot determine in a post-appeal proceeding a party's liability for appeal-related counsel fees incident to a terminated appeal unless such award has been authorized by an appellate court's pronouncement or by some of its post-decisional order.* (emphasis in original)

The Supreme Court went on to say:

In short, counsel fees on appeal like taxable appellate costs, must be authorized

by an appellate court in the case in which the services were performed. (at 728)

The Appellate Court did not award or authorize appellate attorney fees and costs in the first appeal. Remanding an action to the trial court without further instruction as to appellate attorney fees and costs is not sufficient to give the trial court the authority to make such an attorney fee or cost award.

AFFIRMED.

HUNTER, V.C.J., and MacGUIGAN, J., concur.