**In re CIMARRON NURSING CENTER, an Oklahoma Limited Partnership, Debtor.**

**CIMARRON NURSING CENTER, an Oklahoma Limited Partnership, Plaintiff,**

**v.**

**F.G. ARMSTRONG and Allen Greer, Defendants.**

**Bankruptcy No. 91–8530–BH.**
**Adv. No. 92–1166.**

United States Bankruptcy Court, W.D. Oklahoma.

Aug. 6, 1992.

Michael A. Bickford, of Fuller, Tubb & Pomeroy, Oklahoma City, Okl., for plaintiff.

G. Patrick Garrett, of Stephen A. Sherman & Associates, Oklahoma City, Okl., for defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

RICHARD L. BOHANON, Chief Judge.

This complaint involves a dispute over the enforceability of a security interest in personal property of the debtor held by defendants. The parties began this dispute after defendants prevailed in a real property foreclosure action in an Oklahoma district court. Debtor filed its bankruptcy petition subsequent to the judgment in that case and now seeks a determination that the security interest held by defendants in its personalty is unenforceable. Both plaintiff and defendants have filed motions for summary judgment.

Debtor proffers several arguments in support of its contention. It is necessary to reach only the first two of these arguments; whether a dismissal on the evidence during the state court trial of the foreclosure action precludes litigation in this court regarding the enforceability of the security interest in the personal property; and whether a pre-judgment receiver appointed under state law prior to the foreclosure trial was an "insolvency proceeding" as defined in 12A O.S. § 1–201(22).

The facts are not in dispute. Defendants came to hold the security interest in debtor's personal property and a mortgage in debtor's real estate holdings through an assignment to them of a note secured by these interests. The mortgage and security interest had been properly perfected by the original holder of those instruments on May 28, 1986. The Oklahoma Uniform Commercial Code provides that a security interest lapses and becomes ineffective as against third parties after five years unless a continuation statement is filed before the lapse. 12A O.S. §§ 9–403(1) and 9–301(1). In this instance, no continuation statement was filed within the period.

Defendants instigated, in Oklahoma state court, both a foreclosure action on these interests and a request for appointment of a receiver over the real estate and personal property pending foreclosure sale. A receiver was appointed. However, the receiver never actually took control over any of the property because this ruling was immediately appealed and stayed.

After the appointment of the receiver, a trial was held on the foreclosure issues. Upon the close of defendants' evidence case debtor moved for dismissal.

The court dismissed the action as it concerned the personal property on the basis that defendants had failed to offer an executed security agreement. The state court held for defendants as to foreclosure on the real estate.

Subsequent to the trial, an unsigned minute order was entered on the docket which recited the dismissal of the cause of action as regards the personal property and the finding in favor of defendants as regards the real estate. The judge then entered findings of fact, conclusions of law and a formal judgment as to the real estate only.

The dismissal of the cause of action concerning the personal property was not mentioned in the findings and conclusions, nor in the judgment or a subsequent amended judgment.

## CONCLUSIONS OF LAW

█ Debtor first argues that the minute order memorializing the dismissal of the action as to the personal property has res judicata effect in this proceeding, precluding any further litigation over the enforceability of the security interest in the personal property.

█ I conclude that the unsigned minute order does not have any preclusive effect in this proceeding. Under Oklahoma law, any judgment or order of a Oklahoma court is granted preclusive effect only if it is a record entry which has been signed by the judge. *Depuy v. Hoeme*, 775 P.2d 1339, 1344 (Okla.1989). The minute order offered here for preclusive effect is neither part of the record, nor signed by the judge, therefore, it has no preclusive effect. *See Chamberlin v. Chamberlin*, 720 P.2d 721, 723 (Okla.1986).

█ Debtor also argues that perfection of defendants' security interest lapsed six months prior to the filing of debtor's peti-

580

tion rendering the security interest subject to the debtor in possession's strong arm powers under 11 U.S.C. § 544(a). *See* 11 U.S.C. § 1107(a). Debtor contends that the appointment of the receiver under state law did not toll the time required for defendants to file a continuation statement because the receivership was not an "insolvency proceeding", pursuant to 12A O.S. §§ 1–201(22) and 9–403(2).

I agree with debtor and conclude that defendants' security interest in the personal property is unperfected and therefore defendants' security interest is unenforceable against the estate, pursuant to 11 U.S.C. § 544(a). *See* 12A O.S. § 9–301(1)(b).

Pursuant to 12A O.S. § 9–403(1), defendants had to file a continuation statement by May 28, 1991, which they did not do, in order to extend perfection of their interest. One exception to this rule exists. If an insolvency proceeding is in effect, then a continuation statement is not required and the interest remains perfected during the insolvency proceeding and for sixty days thereafter. 12A O.S. § 9–403(2).

The phrase "insolvency proceedings" is defined at 12A O.S. § 1–201(22) to include "proceedings intended to liquidate or rehabilitate the estate of the person involved." The few courts which have decided the issue have found that receiverships instituted to liquidate or rehabilitate a person's entire estate are insolvency proceedings. *See Frank Z. Chevrolet Co. v. Miami Litho, Inc.,* 24 U.C.C.Rep. 763 (Ohio 1975); *In re Charter First Mortgage Co.,* 56 B.R.

838 (Bankr.D.Ore.1985). No court has found a receivership over limited assets for a limited purpose to be an insolvency proceeding. The receivership over the property at issue in this case was not an insolvency proceeding because the receiver did not have authority to liquidate or rehabilitate the entire estate of the debtor.

The receiver was appointed pursuant to 12 O.S. § 1551(2) and under that statute had limited authority to merely hold some of debtor's property. *See Burrus Mill & Elevator of Okla. v. Kingfisher College,* 76 P.2d 906 (Okla.1938). The receiver did not have authority to liquidate the property nor was the receiver involved in rehabilitating the estate of the debtor. *Id.* Indeed, under 12 O.S. § 1551(2) the solvency of the debtor is not a consideration in the receiver's duties nor in his appointment. *Panama Timber v. Barsanti,* 633 P.2d 1258 (Okla.Ct.App.1980). It would be illogical to find that a receivership which can be instituted when a debtor is solvent is an insolvency proceeding.

Accordingly, plaintiff's motion for summary judgment is granted and defendants' cross motion for summary judgment is denied. Judgment for plaintiff will be entered separately.