**E. Lynette AGEE, Appellee/Counter–Appellant,**

v.

**Alan W. AGEE, Appellant/Counter–Appellee.**

No. 85629.

Court of Appeals of Oklahoma, Division No. 3.

June 18, 1996.

Rehearing Denied Aug. 27, 1996.

James W. Carlton, Jr., Pauls Valley, for Appellant.

Warren L. Griffin, Jeffrey S. Hart, Debra A. Charles, Midwest City, for Appellee.

## OPINION

HANSEN, Presiding Judge:

Appellant, Alan W. Agee ("Husband"), seeks review of the trial court's order which awarded Appellee, E. Lynette Agee ("Wife"), judgment against Husband for $5,000.00 for attorney fees she incurred in the appeal of the parties' divorce. In this appeal, Husband argues the trial court was without jurisdiction, after mandate had issued in the first appeal, to award Wife attorney fees incurred in the appeal. Alternatively, he argues the trial court erred in awarding the fees because Wife failed to offer evidence of the reasonableness of such fees. Wife maintains the trial court had jurisdiction to award attorney fees but wants this appeal dismissed as moot because Husband has paid her the amount of the judgment. In her counter-appeal, she contends the amount awarded by the trial court was insufficient and against the clear weight of the evidence.

We must first address Wife's motion to dismiss this appeal. Wife cites *Stites v. Duit Construction Company, Inc.*, 903 P.2d 293 (Okla.1995) and *Grand River Dam Authority v. Eaton*, 803 P.2d 705 (Okla.1990) to support her contention this appeal should be dismissed because Husband paid the $5,000.00 judgment and a voluntarily-satisfied judgment moots an appeal. She reasons his failure to post a supersedeas bond or make a cash deposit with the court clerk and his payment of the judgment make the appeal moot. Husband responds that there is nothing in the appellate record to support the fact he has paid the fees and further, that he was not required to suspend the enforcement of the judgment prior to seeking its appeal.

Husband is correct that other than Wife's unsupported statement, there is nothing in the appellate record which indicates Husband has paid the judgment.[1] Even if Husband has paid the judgment, Wife has failed to demonstrate this appeal should be dismissed. Neither *Stites* nor *Eaton* are divorce actions. Under 12. O.S. Supp.1993, § 990.4(C), Husband was not required to suspend the effectiveness of the matrimonial attorney fee judgment through statutory supersedeas or cash deposit.[2] See also *Wilks v. Wilks*, 632 P.2d 759 (Okla.1981).[3] Furthermore, under *Eaton*, 803 P.2d, at 709, unless the payment of a final judgment by a judgment debtor is shown to be made with

1. The procedure for apprising this Court of material post-appeal developments is prescribed by Rule 7, Rules of the Supreme Court, 12 O.S. 1991, Ch. 15, App. 1. This rule requires that all facts alleged which are outside the appellate record be verified. *Eckel v. Adair*, 698 P.2d 921 (Okla.1984). Generally, this Court will not accept unsupported statements contained in a party's brief as a basis for an appellate decision. *O'Neal v. Joy Dependent School District No. 1, Murray County*, 820 P.2d 1334 (Okla.1991).

2. 12 O.S. Supp.1993, § 990.4 provides in pertinent part:
"A. Except as provided in subsection C of this section, a party may obtain a stay of the enforcement of a judgment, decree or final order: * * *
C. Subsections A and B of this section shall not apply in actions involving temporary or permanent injunctions, *actions for divorce*, separate maintenance, annulment, paternity, custody, adoption, or termination of parental rights, or in juvenile matters, *post-decree matrimonial pro-

ceedings* or habeas corpus proceedings. The trial or appellate court, in its discretion, may stay the enforcement of any provision in a judgment, decree or final order in any of the types of actions or proceedings listed in this subsection during the pendency of the appeal or while any post-trial motion is pending upon such terms as to bond or otherwise as it considers proper for the security of the rights of the parties."

3. *Wilks* was decided under an analysis of 12 O.S.1971, § 968(1) (repealed O.S.L.1990, Ch. 251, § 251, effective January 1, 1991), and § 1282 (now 43 O.S.1991, § 127). In *Wilks*, the Court concluded counsel fee allowances in matrimonial suits were not subject to statutory supersedeas under 12 O.S.1971, § 968, and that such counsel fee awards may be dealt with for stay purposes, in the same manner as alimony, child support and custody orders. See *Ford v. Ford*, 696 P.2d 1026 (Okla.1985).

the intent to compromise or settle the matter and thus, to abandon the right to appeal, or the payment in some way makes relief impossible in case of reversal, then payment of the judgment will not be deemed to either waive the right to appeal or moot the controversy. Wife has made no such showing. Accordingly, Wife's motion to dismiss this appeal is denied.

On June 17, 1993, Husband filed his Petition in Error which appealed the divorce decree in Case No. 81,799. In October, 1993, while the appeal was pending, Wife filed *with the trial court* an Application for Alimony Pendente Lite and Attorneys' Fees wherein she sought alimony pendente lite and "attorneys' fees for services to be rendered" in connection with Husband's appeal. On June 15, 1994 the trial court ordered Husband to pay Wife's attorney $10,000.00 for trial attorney fees and awarding Wife $1,000.00 per month alimony pendente lite. In this order, the trial court decreed that "attorney fees pending appeal shall be held in abeyance and ruled upon at the completion of the appeal." On June 28, 1993, the Court of Appeals issued its Opinion in Appeal No. 81,799 which affirmed the trial court's decree. There is nothing in the Opinion which awards appellate attorney fees to either party. Mandate was subsequently issued and filed in the trial court. *Thereafter*, Wife filed *with the trial court* her Motion to Assess Attorney Fees on Appeal. On May 5, 1995, the trial court issued the Order here appealed, which awards Wife $5,000.00 for attorney fees incurred in the appeal.

■ Husband argues the trial court erred in awarding appeal-related attorney fees because Wife never requested and received approval for such fees from the appellate court in which the services were rendered. In support, he cites *Chamberlin v. Chamberlin*, 720 P.2d 721 (Okla.1986). Wife responds the trial court had jurisdiction to award appeal-related attorney fees because her original motion was filed in the trial court prior to mandate being issued.

Rule 1.31 of the Rules of Appellate Procedure in Civil Cases, 12 O.S., Ch. 15, App. 2, provides in pertinent part:

(a) For the purposes to be stated the trial court does retain jurisdiction in the case after a petition-in-error has been filed in this court.

\* \* \* \* \* \*

(5) In matrimonial litigation, to award attorney fees for services rendered or to be rendered in connection with the appeal, to award alimony pending the appeal or to issue orders affecting the custody of children or the property of the parties pending the appeal. *Jones v. Jones*, Okl., 612 P.2d 266 [1980].

In *Chamberlin v. Chamberlin*, 720 P.2d 721 (Okla.1986), the husband filed with the trial court, after mandate had issued in the first appeal of the divorce decree, a motion for appellate counsel fees and costs. The trial court denied the motion and the Supreme Court affirmed the trial court's post-mandate order. In *Chamberlin*, the Oklahoma Supreme Court stated:

*During the pendency* of appeal in a matrimonial case the trial court clearly may act on an application to allow counsel fees for services rendered, or to be rendered, on appeal. The sweep of the trial court's cognizance over this issue is coextensive with that of the Supreme Court and its orders are reviewable, on motion filed in the appeal, as an ancillary issue in the case. Although the trial court may assist a party in this manner during the transition from trial to an appellate stage of litigation by its order directing counsel fees to be advanced pending appeal, *it cannot determine in a post-appeal proceeding a party's liability for appeal-related counsel fees incident to a terminated appeal unless such award has been authorized by an appellate court's pronouncement or by some of its post-decisional orders.*

When a claim for attorney's fees on appeal is made in the Court of Appeals, either in the brief or during the rehearing stage, and that court fails to address the issue, a party may later seek the same relief *only* by filing in the Supreme Court a *clearly-labeled instrument* which ought to be titled *"Motion to Award Counsel Fees For Appeal–Related Services."* This motion, which can be made *after* the com-

pletion of the rehearing period in the Court of Appeals, must be filed *before* mandate is issued by this court. In short, counsel fees on appeal, like taxable appellate costs, must be authorized by an appellate court in the case in which the services were performed.

*Chamberlin,* at 727–728 [footnotes omitted][emphasis in original].

The only difference between the present case and the facts in *Chamberlin,* is the fact that here, Wife filed her request with the trial court for appeal-related attorney fees *prior to* mandate. In *Chamberlin,* the Court notes that the record failed to disclose whether the husband ever sought counsel fees under Rule 1.31(a)(5) in the trial court. The Court concluded: "All we know is that his post-mandate claim, made below after the termination of *Chamberlin I,* was not founded on the authority of an earlier appellate ruling."

In the present case, the trial court decreed that the issue of attorney fees pending appeal shall be held in abeyance and ruled upon at the completion of the appeal. This is not inconsistent with the requirement of *Chamberlin* that an award for appeal-related counsel fees must be authorized by an appellate court. A trial court may not award appellate attorney fees in a post mandate proceeding absent authorization by the appellate court. Accordingly, the trial court erred in awarding Wife $5,000.00 for appeal-related counsel fees and the May 5, 1995 order decreeing same is reversed. Having so concluded, we need not address the parties' contentions of error regarding the reasonableness of the amount of the award.

The judgment of the trial court is REVERSED.

ADAMS, V.C.J., and BUETTNER, J., concur.