UNITED STATES COURT OF APPEALS
**Filed 10/4/96**
TENTH CIRCUIT

RICHARD L. CORNFORTH,

  Plaintiff-Appellant,

  v.

DONALD L. HOWARD,

  Defendant-Appellee.

No. 96-6206
(D.C. No. CIV-96-179-T)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

In this 42 U.S.C. § 1983 action, Richard L. Cornforth appeals from the district court's order granting summary judgment in favor of Donald L. Howard, a special judge for Oklahoma County District Court. We affirm.

Cornforth was the defendant in a civil action heard by Judge Howard. Judge

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Howard awarded the plaintiff in that case attorney fees, including fees related to an appeal taken by Cornforth in which the plaintiff prevailed. Cornforth appealed the attorney fee award to the Oklahoma Court of Appeals and the court found Judge Howard had exceeded his authority in including fees related to the prior appeal (Westlake Presbyterian Church v. Cornforth, (No. 83,228, February 28, 1995)). See Chamberlin v. Chamberlin, 720 P.2d 721, 727-28 (Okla. 1986) (trial court cannot award appeal-related fees after appeal unless award is authorized by appellate court). The Oklahoma Court of Appeals modified the attorney fee award and affirmed the judgment as modified.

In the present action, Cornforth maintains Judge Howard's award of appeal-related attorney fees deprived Cornforth of a constitutional right to be free of "arbitrary adjudication." He alleges Judge Howard acted maliciously and in bad faith. In granting Judge Howard's motion for summary judgment, the district court found Judge Howard was entitled to absolute judicial immunity.

Summary judgment will be affirmed on appeal where, taking the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Wilson v. Meeks, 52 F.3d 1547, 1551-52 (10th Cir. 1995).

Generally, a judge is immune from a suit for money damages. Immunity can be overcome only where the challenged actions are nonjudicial, or are "taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11 (1991). Cornforth does not argue that Judge Howard's award of attorney fees was a nonjudicial action, but contends Judge Howard lacked jurisdiction to make the award. The question of judicial immunity does not turn on the judge's authority to perform the specific act being challenged, but on

the scope of the judge's jurisdiction in a broad sense. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (citation omitted).

Judge Howard had jurisdiction over the civil case and over the question of the proper calculation of attorney fees to be awarded. Although he exercised that jurisdiction erroneously and because of the error Cornforth was entitled to have the calculation corrected on appeal, Cornforth was not entitled to claim compensation for damages caused by the error. Nor do Cornforth's allegations regarding Judge Howard's motives remove the protection of judicial immunity. Judicial immunity is an immunity from suit, not just damages. Therefore, allegations of malice, bad faith, or corruption do not overcome a proper claim of immunity. See Mireles, 502 U.S. at 11.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge